PARIS MOUNTAIN WATER CO. v. CITY COUNCIL OF GREENVILLE.

1. STATUTES—GREENVILLE.—The act (20 Stat., 1372,) giving the city of Greenville certain powers does not conflict with sec. 30 of 19 Stat., 106, amending the charter of the city.
2. IBID.—IBID.—WORDS AND PHRASES.—The word "alter" in sec. 30, 19 Stat., 106, construed to mean change in the grade of a street.
3. DAMAGES—STREETS—THE CITY OF GREENVILLE is liable to a water company for damages sustained by it by reason of the city changing the grade of a street, and such damages are not *damnum absque injuria.*

Before ALDRICH, J., Greenville, April, 1898.   Reversed.

Action by the Paris Mountain Water Company *v.* The City Council of Greenville, for damages sustained by change in grade of street. Complaint dismissed on demurrer. Plaintiff appeals.

*Messrs. Wells, Ansel & Cothran,* for appellant, cite:

*Meaning of "alter," in sec. 30 of charter:* 18 N. Y. Eq., 192; 33 N. E. R., 704; 49 N. E. R., 1013; 122 Mass., 116; 29 N. J. L., 353. *Ordinance giving plaintiff permission to lay pipes is a contract, and cannot be impaired by legislation or otherwise:* 115 U. S., 665, 674; 15 Wall, 488; 13 N. J. Eq., 420; 97 U. S., 25, 659; 101 U. S., 814; 111 U. S., 746; 165 U. S., 23; 16 Wall, 36; 8 How., 163; 101 U. S., 814; 135 U. S., 125.

Messrs. *McCullough & Sirrine,* contra, cite: *Damages resulting from change of grade in street, in absence of statutory provision, cannot be recovered for:* 99 U. S., 635; 73 Am. Dec., 748; 26 Id., 450; 6 Wheat., 118; 20 How., 135; 14 Wall, 676; 14 Am. Rep., 442. *Meaning of "alter:"* 51 Wis., 645; 9 Gray, 189; 3 Mass., 406; 7 Id., 158; 54 Ga., 187; 9 Gray, 186; 43 Me., 622. *Sec. 30 repealed by act of 1891, so far as grading is concerned:* 11 Wall, 88; 36 Wis., 383; 16 Gratt., 1; 40 N. J. L., 257. *Water company cannot maintain action unless acts of city are unreasonable or malicious:* 28 F. R., 921; 13 N. J., 420; 14 S. E., 672; 93 N. Y., 362; 30 N. E., 276; 14 S. E. R., 665.

July 30, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY.   The plaintiff brought this action to recover damages alleged to have been sustained on account of the grading of certain streets, by reason of which its water ways and pipes, which were laid under a contract with the defendant through said streets, were injured.

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, in that: "I. It fails to allege facts showing such an invasion by the defendant of the rights of the plaintiff as would entitle it to damages, and the injury sustained by plaintiff, if any, would be *damnum absque injuria.* II. There is no act of the legislature which makes the defendant liable for damages on account of the facts alleged in the complaint. III. Plaintiff held its easement subject to the rights of the defendant to grade and repair its streets."

The case was heard under the following stipulations, to wit: "It is agreed that the Court shall determine the defendant's demurrer that the complaint does not state facts sufficient to constitute a cause of action, in that the alleged damage was the result of the action of the city council in changing the grade of Main street, which said action the said city was authorized by law to do, and for damages resulting from which it is not liable. The defendant's objection that no arbitration has been demanded, as provided for in the charter, is not to be pressed upon this argument, but is not waived; this objection may be pressed at subsequent stages of the proceedings, when the question of amount of damages is to be settled. It is admitted that the city claims to have done the work under the authority of the act found in XX. Statutes, 1372, which may be referred to in the argument. The ordinances of the city in reference to the granting of privileges to and contracting with the American Pipe Manufacturing Company and the Paris Mountain Water Company, may be used upon this hearing."

The Circuit Judge signed the following order dismissing the complaint, to wit: "This was a motion to dismiss the complaint upon the ground that the facts therein alleged are not sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. The defendant contends that the plaintiff's cause of action, if any, is based upon section 30 of the charter, and that said section has no application to a case of this kind. The plaintiff, on the other hand, contends (1) that the act of the defendant in lowering the grade of the street was an alteration thereof, within the meaning of section 30, and that the defendant is liable under the said section for damages; (2) that the ordinance, a portion of which is set forth in paragraph four of the complaint, constitutes a contract between the plaintiff and the defendant, and the acts of the defendant complained of impaired the obligation thereof, and that upon that ground also the complaint states a good cause of action. Viewing the complaint in either of the aspects presented above, I am

satisfied it cannot be sustained, because: I. The defendant had the right to grade the street in question, and, under the well established rule, was not liable for consequential damages arising therefrom, unless made so by statute. Section 30 of the charter does not afford such relief, because, construing the word "alter" as it appears in said section, and by its context, I am satisfied that it does not mean, include or refer to a change in the grade of a street. It means and refers to a change in the course or direction of a street, a widening thereof, or some act which involves a taking or damaging of the property of an adjoining owner. II. Viewed from the point of a contract, as argued by the plaintiff, I am satisfied the complaint cannot stand. It does not appear from the allegations of the complaint or the ordinance referred to, that the defendant contracted not to lower the grade of the street, or expose plaintiff's pipes; nor is there any provision therein for damages on account thereof. The plaintiff admitted in its communication to the defendant, as set forth in paragraph nine of the complaint, that the defendant had the legal right to change the grade of its street, and this was also admitted in argument of counsel before me. Having the legal right, then, to do the work complained of, and there being no provision in the contract providing for damages in case plaintiff's pipes should be thereby exposed, I cannot see how the defendant can be made liable for the expenses which the plaintiff was put to in lowering its pipes, and this is the only damage which the complaint alleges the plaintiff sustained. The contract is not impaired; its obligation is not affected. It purported to give the plaintiff a certain franchise, which franchise the complaint does not charge has been infringed. But even though the said contract be construed as obliging the defendant not to exercise its right to lower the grade, in such event the contract would be *ultra vires*, since the defendant, who holds the streets in trust for the public, would have no power to contract away its right and duty to grade and improve its streets. This is a governmental function, and

cannot be bartered away. This principle is established by numerous authorities. I, therefore, conclude that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. Wherefore, it is ordered and adjudged, that the demurrer to the complaint herein be, and hereby is, sustained, and said complaint be and is dismissed."

The plaintiff appealed upon the following exceptions, to wit: "I. That his Honor erred in holding that the complaint did not state facts sufficient to constitute a cause of action. II. That his Honor erred in dismissing the plaintiff's complaint. III. That his Honor erred in holding that the word 'alter,' as used in section 30 of the charter of the city, does not 'mean, include or refer to a change in the grade of a street. It means and refers to a change in the course or direction of a street, a widening thereof, or some act which involves a taking or damaging of the property of an adjoining owner;' whereas, it is respectfully submitted, he should have held that a change of the grade of a street to the extent alleged in the complaint, was an alteration of the same, within the contemplation of said section, for which the city council should make compensation to the party injured thereby. IV. That his Honor erred in holding, as set forth in the second part of his decree, whereas he should have held that the ordinance adopted by the city council, conferring upon the plaintiff the franchise of laying down its pipes in the streets of the city, was a contract between said city council and plaintiff, for a breach of which the plaintiff is entitled to damages. V. That although the city council could not surrender its governmental function, so as to deprive itself of the right to grade its streets in future, it has by said ordinance exercised its constructural function, binding itself to the terms of said contract, and is liable for damages for the injury resulting to the plaintiff for said change of grade. VI. That his Honor erred in holding that because the city had the legal right to grade the street, and because the contract did not provide for damages in

case the plaintiff's pipes were exposed, the defendant cannot be made liable for the expenses to which the plaintiff was put in lowering its pipes.   Whereas, he should have held that the city having made a contract with the plaintiff, by which the plaintiff was induced to go to great expense in establishing its system in the streets as they then were, the said city was bound by said contract; and if, in the exercise of its undisputed governmental function, it invaded the contract rights of the plaintiff, this city became liable for resulting damages.   VII. His Honor erred in holding 'the contract is not impaired; its obligation is not affected.   It purported to give the plaintiff a certain franchise, which franchise the complaint does not charge has been infringed.' Whereas, it is apparent that the reverse of this proposition is true, and he should have so held."

Section 30 of the act incorporating the city of Greenville, 19 Stat., 106, is as follows: "That the said city council shall have power and authority to close all such roads, streets, and ways within the said city as they may deem necessary, by sale of freehold therein, either at private or public sale, as they may adjudge best for the interest of said city; and shall have power and authority to lay out, adopt, alter, widen, and open all such streets, roads, and ways as they may, from time to time, deem necessary for the improvement and convenience of said city: *Provided*, That the owners of lands over which any such road, street or way may pass, and any person damaged by the closing or from the altering of any such street, road or way, shall be duly compensated therefor by the city council; and whenever any road, street or way is to be laid out, closed, opened or widened, in case the said city council and the owners of land over which the same shall pass, or the persons damaged by the closing or altering as aforesaid, cannot agree upon the amount of compensation to be paid to such owners or persons, the same shall be assessed by three commissioners to be appointed, one by the city council, one by the land owner or person damaged, and the

third by the two commissioners thus appointed; and in case any land owner shall neglect or refuse to appoint a commissioner within five days after notice so to do, then the chairman of the board of county commissioners of the county of Greenville shall appoint a commissioner, who, with the one appointed by the city council, shall select the third commissioner: *Provided*, That either party may appeal from such assessment to the Court of Common Pleas for said county, by serving written notice of such appeal upon the other party within five days after such assessment shall have been made, when the issue of value shall be submitted to a jury." The respondent's attorney contends that the work was not done under said section, but under an act entitled "An act to provide for grading and paving the streets, public ways, and alleys of the city of Greenville." Approved 22d December, 1891; 20 Stat., 1372. There is nothing in this act which, in any manner, prevents the recovery of damages in those cases mentioned in section 30. Both, the act of 1891 and section 30, can have full effect, without conflicting with each other. The rights of the parties to this action must, therefore, be determined in accordance with the provisions of section 30.

The leading question in the case is that raised by the third exception. The authorities differ very widely as to the meaning of the word "alteration," when used in connection with laws relating to streets and highways. The difficulty in rendering a definition that will be applicable to all cases arises from the fact that its meaning depends so largely upon the context in each case. In this case we are aided in our interpretation by the following circumstances: 1. If the word "alter" is construed as having reference to a change in the grade of the street, effect can be given to all the words of the section; while, on the other hand, if it is interpreted as relating to course or direction, then it is ineffectual; as the words "lay out," "adopt," "widen," "open," and "close" are sufficiently broad to cover every case involving course or direction. 2. The

damages allowed under said section were not intended to be restricted to such as might be claimed under the constitutional provision, that private property shall not be taken for public use, without just compensation being first made therefor, as *closing* a street is not the *taking of property.*

The section was intended to be very sweeping, and not only to give compensation for *property taken*, but *damages* for injuries sustained. When the plaintiff laid its pipes in the streets in pursuance of its contract with the defendant, it, of course, knew that the defendant had the right to change the grade of the streets, but this did not deprive the plaintiff of the right to claim damages, under section 30, by reason of the change of grade. The contract was made with reference to the grade of the streets that then existed, with the right of the defendant to change the grade, coupled with the corresponding duty, under section 30, to pay damages for injuries sustained on account of such change. *Blair* v. *Charleston*, 35 L. R. A. (W. Va.), 852; *Hickman* v. *Kansas*, 23 L. R. A. (Mo.), 658, and cases cited in the notes. The statute allowing damages is remedial in its nature, and should receive a liberal interpretation. As the section allows damages for *closing* a street, it is in harmony with its spirit to give to the word "alteration" such construction as will include damages caused by a change of grade. In speaking of a change of grade, this Court does not refer to those changes that are merely incidental to the work of repairing the streets, but to a change in the structural formation of the streets, such as is alleged in the complaint. The alleged injury cannot be said to fall under the head of "*damnum absque injuria*," as, under our construction of said section, damages are allowed in such a case by the statute. The principles herein announced render it unnecessary to consider the exceptions in detail.

It is the judgment of this Court, that the order sustaining the demurrer be reversed.