KENDALL v. CITY COUNCIL OF COLUMBIA.

1. DAMAGES—STREETS—INJUNCTION.—UNDER CHARTER OF CITY OF CO-
   LUMBIA a citizen has no right to invoke the aid of the equity jurisdic-
   tion of the Court to prevent the city council from changing the grade
   of a street; damages arising from such change of grade is not a tak-
   ing of private property for public use within the meaning of art.
   I., sec. 17, of the Constitution.
2. IF THE CHARTER OF THE CITY confers the right to damages for such
   taking, it also points out the manner for determining the amount,
   and such remedy is exclusive.

Petition for injunction in the original jurisdiction of this
Court by H. T. Kendall against City Council of Columbia.

*Messrs. Bellinger & Welch,* for petitioner.

*Mr. Allen J. Green,* contra.

July 16, 1906.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  This is an application to the Su-
preme Court in the exercise of its original and equitable
jurisdiction for an order enjoining the defendant from
changing the grade of Lady street, in the city of Columbia,
upon which his building abuts.

The petition alleges that said building was erected many
years ago with reference to the grade as it then existed; that
the defendant is now altering and raising the grade line of
the sidewalk, so that the same will be far above the floor
and door-sills of said building; that unless the defendant is
restrained the petitioner will suffer irreparable loss; and that
he has no adequate remedy at law.

The defendant, in its return to the rule to show cause why
it should not be enjoined, alleges certain facts for the pur-
pose of showing the necessity for changing the grade of
said street, and also alleges the following as a ground for
refusing the said application:

"That under the charter of the city of Columbia the mayor
and aldermen of the said city are vested with power to abate
and remove all nuisances in the said city, and it is their duty

to keep all roads, ways, bridges and streets within the cor-
porate limits of the said city in good repair, and for that
purpose they are vested with all the powers of county com-
missioners; and they are authorized to lay out new streets,
close up, widen or otherwise alter those now in use, subject,
however, to the two provisos contained in the first section
of this act, to wit: 'An act to alter and amend an' act entitled
an act to alter and amend the charter and extend the limits
of the city of Columbia, approved February 26th, 1870,'
which provides: "That in carrying out the first section of this
act in extending the wards of the city of Columbia and in
the extension of the streets thereof to the north and east to
the northern and eastern boundaries, the said mayor and
aldermen shall conform to the 23d section, of the 1st article
of the Constitution of this State, now in force; *and provided
further,* That the act of the General Assembly of this State,
entitled an act to declare the manner in which the lands or
right of way over the lands of persons or corporations may
be taken for the construction and use of railways and other
works of internal improvement, ratified on the 22d day of
September, A. D. 1868, shall be in all respects followed and
observed.'

"And defendant submits that the plaintiff, if entitled to
any relief (which it denies), has a full, complete, adequate
and exclusive remedy for the alleged acts complained of un-
der the provisions of law above cited."

The principle is well settled in this State, that changing the
grade of a street whereby the abutting owner sustains dam-
ages, does not fall within section 17, article I., of the Con-
stitution, which provides that private property shall
not be taken for public use without just compensa-
tion being first made therefor. *Water Co.* v. *City
Council,* 53 S. C., 82, 30 S. E., 699; *Garraux* v. *City Coun-
cil,* 53 S. C., 575, 31 S. C., 597. These decisions, however,
show that damages may be recovered in cases not embraced
within the provision of the Constitution. prohibiting the

taking of private property without compensation, provided there is a statute to that effect.

The rule is likewise well settled, that when there is a statute which provides the manner in which damages are recoverable such remedy is exclusive. *Garraux* vs. *City Council,* 53 S. C., 575, 31 S. E., 597.

If the statute to which reference is made in the return confers upon the petitioner the right to recover damages for altering the grade of the street, it likewise provides an adequate mode for determining the amount of such damages, and, as we have already stated, the remedy is exclusive. Therefore, the petitioner is not in a position to invoke the aid of the Court in the exercise of its equitable jurisdiction.

An order has already been filed carrying into effect the conclusion herein announced.