### 7024

### CITY OF COLUMBIA v. MELTON.

1. CONDEMNATION.—DEMURRER to answer to enjoin condemnation not sustained, as the answer does not set up a defense to plaintitff's cause of action, but only sets forth defendant's view of the facts alleged in the complaint, and on trial plaintiff may have question tried whether condemnation is defendant's appropriate remedy.

MR. JUSTICE WOODS *dissents, and thinks question of defendant's remedy should be decided on the pleadings and the demurrer sustained.*

2. REHEARING refused.

Before KLUGH, J., Richland, December, 1907. Affirmed.

Action by City of Columbia against Mary McCreary Melton. From order overruling demurrer to answer, plaintiff appeals.

*Mr. H. N. Edmunds,* for appellant, cites: *Restrictions to right of confirmation:* 16 Ency., 1049; 2 Bay, 38; 1 N. & McC., 387; 4 McC., 541; 42 S. C., 299; Lewis Em. Domain, sec. 237. *Respondent must rely on one of the following acts:* 14 Stat., 569; 23 Stat., 1038; Code 1902, 2023. *Dam-*

*age resulting from change of grade in street does not fall within constitutional privilege of condemnation: 53 S. C., 82; 53 S. C., 597; 74 S. C., 539; 68 S. C., 163; 74 S. C., 539. Compensation for injury from surface water is provided by section 2023, Code 1902: 77 S. C., 281, 288.*

*Messrs. Allen J.* and *H. P. Green,* contra, cite: *It is actionable to collect surface water and discharge on another's lands:* 62 S. C., 25, 18; 67 S. C., 514; Lewis on Em. Dom., 541; 22 L. R. A., 627. *Has plaintiff authority to condemn?* 14 Stat., 569; 53 S. C., 87; 48 S. C., 562; 53 S. C., 575; 74 S. C., 541; 68 S. C., 183; 76 S. C., 95.

The opinion in this case was filed September 2, but held up on petition for rehearing until

September 22, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This appeal is from an order overruling a demurrer interposed by the plaintiff to the so-called defense set out in the answer of the defendant.

On the            .day of December, 1905, Mrs. Mary McCreary Melton filed a petition in the Court of Common Pleas, in which she alleged that the city of Columbia, by means of pipes, was discharging surface water on her lands, which was emptied into her private ditch or drain; that in times of heavy rains the flow of surface water was unusual; and that this was caused by a change in the construction of drains and the method of drainage in certain portions of the city.

Upon hearing this petition, his Honor, Judge Gage, granted an order that a jury be empanelled by the clerk of the Court to assess the compensation to which the plaintiff was entitled for the "taking" of her property.

The plaintiff brought this action to enjoin the defendant from proceeding under said condemnation proceedings, and

an order was made by the Ciricuit Judge temporarily restraining the defendant.

The defendant filed the following answer:

"The defendant above named, answering the complaint in the above entitled cause, says:

1. "Defendant admits paragraphs 1, 2, 3, 4, 5 and 7 of the said complaint.

2. "Answering paragraph 6 of the complaint, this defendant admits that the surface drains along the streets therein referred to were within the past twenty years constructed along the lines of the natural flow of the surface water from said streets, and this defendant admits that the constituted authorities of the said plaintiff have, from time to time, changed the grade of said streets; but this defendant denies each and every other allegation of said paragraph, and, on the contrary, upon information and belief, avers:

"That the plaintiff has caused the grade of the said streets and the drains thereon to be changed within the last twenty years, and that by reason of such changes it has shortened, accelerated and concentrated the flow of the surface waters from the area drained by said streets and diverted it from its former more circuitous course, and by the changes made in the drains on the said Elmwood avenue now discharges the said surface waters upon the lands of this defendant in concentrated flow, as in her said petition for assessment of damages alleged, as set forth in paragraph 7 of said complaint.

3. "Defendant denies paragraph 8 of the said complaint, and, on the contrary, avers that she owns and is seized in fee and possessed of the said premises described in paragraph 7 of the said complaint, and that plaintiff has notice of her title thereto, and by the use of proper diligence could have informed himself thereof.

4. "Defendant denies paragraphs 9 and 10 of said complaint, and, on the contrary, avers that the plaintiff has within the last twenty years, and within the last few years, made changes in the grading of the streets and in the system

of drainage of the surface water of the area of said city lying west of Bull street, north of Laurel street, east of Assembly street and south of Elmwood avenue; and that since and by reason of such changes in the grading and drainage, and by the piping of such surface water in concentrated flow across the said Elmwood avenue and discharging the same through such pipes upon the lands of this defendant, the said water is discharged with greater force and velocity on the lands of defendant, and by reason thereof has washed away and still continues to wash away and damage the said lands of this defendant; has undermined two of her said tenant houses, rendering them untenable, and has washed out a hole in the lower end of her property, from ten to twelve feet deep and from eighteen to twenty feet wide and from twenty to twenty-five feet long, which accumulates water, and is a standing and increasing injury to defendant's said property, and wherein, since the commencement of this action, a child has fallen and been drowned.

5. "Defendant denies each and every allegation in paragraph 11 of said complaint, and, on the contrary, avers that the damages to and the taking of her property, as alleged in her petition, have been done by the plaintiff without her consent and against her protests; that she has several times petitioned city council, calling their attention to the damage caused to her said property by reason of said system of drainage and asking that the same be repaired, and that by a proper system of drainage further injury be prevented, and to induce the said plaintiff to speedily stop the said damage and prevent its recurring has offered to give the plaintiff a right of way through her said lands, free of costs for the piping of such water through her said lands, but, notwithstanding, the plaintiff has taken no steps to repair or prevent such injury."

The plaintiff interposed an oral demurrer to the answer, on the ground that it did not state facts sufficient to constitute a defense to the plaintiff's cause of action, in that—

1. "The action herein is one in injunction, praying for a permanent injunction against defendant, seeking to compel plaintiff to condemn, by means of having a jury empaneled to assess the compensation to which plaintiff is entitled for the taking, altering, use and impairment of her said property (described in her petition and in the said complaint), and said answer states no facts under which said right of action for such condemnation proceedings can be maintained against plaintiff under the statutes of the State of South Carolina.

2. "The answer admits that the plaintiff is a municipal corporation, duly created and organized under and by virtue of the laws of the State of South Carolina as alleged in paragraph 1 of the complaint, and admits the allegations contained in paragraphs 2, 3, 4, 5 and 7 of the complaint, and does not state any fact by which, under the statutes of the State of South Carolina, such condemnation proceedings can be maintained against a municipal corporation on account of the alleged 'taking, altering, use and impairment of her said property.'

3. "That the statutes of the State of South Carolina provide an adequate remedy in law whereby defendant's rights may be determined in an action for damages on account of said alleged injuries set forth in defendant's petition and answer, which defendant is seeking to avoid under her proceedings herein, and such remedy is exclusive of her rights."

The demurrer was overruled and the plaintiff appealed upon the grounds just mentioned.

The answer does not purport to set up a defense to the plaintiff's cause of action, but is merely an explanatory or qualified denial of certain facts alleged in the complaint; in other words, it simply sets forth the defendant's view of the facts alleged in the complaint.

When the case is called for trial on the merits, and the plaintiff undertakes to show that there are equitable grounds entitling it to the injunction, it will then be afforded an

opportunity of having the question determined whether condemnation proceedings on the part of the defendant was the appropriate remedy.

It is the judgment of this Court that the appeal be dismissed.

MR. JUSTICE WOODS, *dissenting.* The sole question in this case is whether, taking the allegations of the answer as true, the defendant is entitled to have any damages sustained by her assessed under condemnation proceedings. I think the question may be decided on the demurrer, without putting the parties to the delay and expense of offering evidence, and, therefore, I am unable to concur in the conclusion that a trial is necessary to determine that issue.

The defendant instituted condemnation proceedings against the city of Columbia to obtain compensation for loss accruing to her from voiding water from the streets on her land. Thereupon the city of Columbia commenced this action to enjoin the defendant from prosecuting the proceedings, alleging, among other things, that there was no statutory authority for condemnation. Judge Gage, under a rule to show cause, granted a temporary injunction on the allegations of the complaint, raising the issues of defendant's title to the land and prescriptive right of the city to overflow the land. The record does not show that any other questions were made before Judge Gage or considered by him.

The defendant afterwards answered, and the plaintiff demurred to the answer. The appeal is from an order of Judge Klugh overruling the demurrer. The allegations of the answer on which the case depends are these: "Defendant denies paragraphs 9 and 10 of said complaint, and, on the contrary, avers that the plaintiff has within the last twenty years and within the last few years made changes in the grading of the streets and in the system of the drainage of the surface water of the area of said city lying west of Bull street, north of Laurel street, east of Assembly street and

south of Elmwood avenue; and that since and by reason of such changes in the grading and drainage, and by the piping of such surface water in concentrated flow across the said Elmwood avenue and discharging the same through such pipes upon the lands of this defendant, the said water is discharged with greater force and velocity on the lands of defendant, and by reason thereof has washed away and still continues to wash away and damage the said lands of this defendant; has undermined two of her tenant houses, rendering them untenable, and has washed out a hole on the lower end of her property from ten to twelve feet deep and from eighteen to twenty feet wide and from twenty to twenty-five feet long, which accumulated water and is a standing and increasing injury to defendant's said property, and wherein, since the commencement of this action, a child has fallen and been drowned.

"Defendant denies each and every allegation in paragraph 11 of said complaint, and, on the contrary, avers that the damages to and the taking of her property, as alleged in her petition, have been done by the plaintiff without her consent and against her protests; that she has several times petitioned city council, calling their attention to the damage caused to her said property by reason of said system of drainage and asking that the same be repaired, and that by a proper system of drainage further injury be prevented; and to induce the said plaintiff to speedily stop the said damage and prevent its recurring has offered to give the plaintiff a right of way through her said lands free of costs for the piping of such water through her said lands, but, notwithstanding, the plaintiff has taken no steps to repair or prevent such injury."

In the absence of statute law providing for condemnation, or any other exclusive statutory remedy, one whose property is taken without his consent may bring an action for its recovery, or for damages for the trespass; and in case of a threatened taking or continued trespass, an action for injunc-

tion. Against a municipal corporation for the taking or threatened taking of property the owner has the right of action for recovery of possession or for injunction, but not for damages, unless the right of action for damages be conferred by statute.

Changing the grade or otherwise altering a street by a municipal corporation, to the injury of a private landowner, is not a taking of private property. *Cherry* v. *Rock Hill,* 48 S. C., 560, 26 S. E., 798; *R. R. Co.* v. *Burton,* 67 S. C., 522, 46 S. E., 340. Therefore, for the recovery of damages, arising from such change as is here alleged, the owner of the land cannot rely on the constitutional provision against the taking of private property without just compensation; it is essential that he show some statutory authority for the recovery of damages, either by condemnation proceedings or by action. *Water Co.* v. *City Council,* 53 S. C., 82, 30 S. E., 699. To show such statutory authority the defendant relies on the statute of 2d March, 1871 (14 Stat., 567), entitled "An act to alter and amend the charter and extend the limits of the city of Columbia." Section 7 provides that the mayor and aldermen "shall have power to abate and remove all nuisances in said city; and it shall be their duty to keep all roads, ways, bridges and streets within the corporate limits of said city in good repair; and for that purpose they are invested with all powers of county commissioners, or commissioners of roads, for and within the corporate limits of said city; and they may lay out new streets, close up, widen, or otherwise alter those now in use, subject, however, to the two provisos contained in the first section of this act." The provisos of the first section are: "That in carrying out the first section of this act, in extending the wards of the city of Columbia, and in the extension of the streets thereof to the north and east to the northern and eastern boundaries, the mayor and aldermen shall conform to the 23d section of the first article of the Constitution of this State, now in force: *And Provided, further,* That the

act of the General Assembly of this State, entitled 'An act to declare the manner in which lands or the rights of way over lands of persons or corporations may be taken for the construction and use of railways and other works of internal improvements,' ratified 22d of September, A. D. 1868, shall in all respects be followed and observed."

The pleadings do not state a case falling under this statute. It is true that in referring to this statute in *Kendall* v. *City Council*, 74 S. C., 539, 541, 54 S. E., 777, the Court said: "If the statute to which the reference is made in the return confers upon the petitioner the right to recover damages for altering the grade of the street, it likewise provides an adequate mode for determining the amount of such damages, and, as we have already stated, the remedy is exclusive." It is manifest from the language used that the Court did not mean to decide that one whose land in the city of Columbia had been injured by the altering of the grade line of a street had the right to recover damages under this act. For, as already shown, such injury is not a taking of property. The provisos in the statute just quoted refer to sec. 23, art. I, of the Constitution of 1868, and the condemnation statute of 1868, both relating to the *taking* of private property. The answer does not allege facts which constitute taking of the property, but facts which constitute injury to the property by the flow of water across it, caused by the change in the grading and drainage of the street. No rule of construction will allow the meaning of these provisos to extend to injury to property, and so beyond the terms of the section of the Constitution and the statute to which they expressly refer. Therefore, the statute of 1871 does not authorize condemnation proceedings in a case like that stated in defendant's answer.

If the injury to the defendant's land was due to the negligence or mismanagement of the city, the defendant has a right of action for damages under section 2023 of the Civil

Code, which provides: "Any person who shall receive bodily injury or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under control of the corporation, within the limits of any town or city, may recover, in an action against the same, the amount of actual damages sustained by him by reason thereof. If any such defect in a street, causeway or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured, if his load exceed the ordinary weight: *Provided,* The said corporation shall not be liable unless such defect was occasioned by its neglect or mismanagement: *Provided, further,* Such person has not in any way brought about any such injury or damage by his or her own negligent act, or negligently contributed thereto."

If the defendant's land is adjacent to or adjoining a street of the city, and she has demanded that the city should provide sufficient drainage, through covered drains, if practicable, and the city has refused to comply with her demand and failed to institute condemnation proceedings, then she has a right of action for the damages sustained in overflowing her property. This right is conferred by the act 1902 (23 Stat., 1038) : Section 1. "Be it enacted by the General Assembly of the State of South Carolina, That whenever within the boundaries of any municipality it shall be necessary or desirable to carry off the surface water from any street, alley or other public thoroughfare, over the private land adjacent or adjoining such thoroughfare, upon demand from owner or owners thereof, such municipality shall provide sufficient drainage for such water through open or covered drains, except where the formation of the street renders it impracticable, along or under such streets, alleys or other thoroughfares, then the municipal authorities shall have the power and authority to obtain under proper proceedings for condemnation as for highways, on payment of damages to

the landowner, a right of way through the lands of such landowner for the necessary drains for such drainage.

Sec. 2. "That if any municipal corporation in this State shall fail or refuse to carry out the provisions of this act, any person injured thereby may have and maintain an action against such municipality for the actual damages sustained by such person."

Under the allegations of the answer the defendant could not maintain condemnation proceedings. If she has a remedy, it is by action for damages under section 2023 of Civil Code, or under the statute of 1902.

It is to be regretted that we have not a comprehensive statute providing simple condemnation proceedings as the exclusive remedy, with proper limitations, saving the constitutional right of trial by jury, in all cases of damage to property as well as the appropriation of property for public purposes, except in cases of wilful trespass. This case is illustrative of the difficulties which beset the bar as well as the Courts from the many special provisions to be found in charters and special statutes on the subject.

The judgment of the Circuit Court should be reversed and the demurrer to the answer sustained.

September 22, 1908. Per Curiam. After careful consideration of the petition herein, the Court is satisfied that no material question of law or of fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition for rehearing be dismissed and that the order heretofore granted staying the remittitur be revoked.