## 7559

### CITY OF COLUMBIA v. MELTON.

CONDEMNATION—CITIES AND TOWNS—WATERS—DAMAGES.—A landowner who suffers damages to her lands by reason of the municipality changing the grade of the streets and gathering the surface water into a covered drain and discharging it on the lands in concentrated flow cannot maintain condemnation proceedings for damages, but must bring action under section 2023 of Code of 1902.

Before GAGE, J., Richland, January, 1909. Reversed.

Action by the city of Columbia against Mary McCreery Melton. From Circuit judgment setting aside verdict on issue out of chancery, plaintiff appeals.

*Mr. H. N. Edmunds,* for appellant, cites: *Case does not come under condemnation statutes:* Lewis on Eminent Domain, 59, 89; 62 S. C., 25, 18; 63 S. C., 163; 22 Ency., 1214; 1 Strob., 164; 30 Ency., 345; 13 Met., 429; 5 Am. St. R., 570; 14 Cyc., 1154; 15 L. R. A. (N. S.), 992; 22 Ency., 1207, 1210, 1214, 1216; 30 Ency., 339; 9 Current

L., 2271; 223 Ill., 230; 1 Strob. L., 164; 10 Ency., 430; 5 Rich., 406; 3 A. & E., 325; 30 E. C. L. R., 107.

*Messrs Allen J. & H. P. Green,* contra, cite: *As to damages:* 62 S. C., 25, 18; 67 S. C., 514; Lewis on Em. Dom., 551; 22 L. R. A., 627; 68 S. C., 163. *Right to condemn:* 14 Stat. 569; 53 S. C., 87, 575; 48 S. C., 562; 74 S. C., 541; Code, 1902, 2012, 2013; 68 S. C., 183; 23 Stat., 1038. *Right to injunction:* 76 S. C., 95.

April 26, 1910. The opinion of the Court was deilvered by.

MR. JUSTICE GARY. This is an action to enjoin condemnation proceedings.

There was a former appeal in which the facts are fully set out. (81 S. C., 356, 62 S. E., 245.)

The present appeal is from the following order: "The consideration of this cause has given me some anxiety. The law of it is not clear to me. (81 S. C., 387, 62 S. E., 245.)

"The cause is in equity. I submitted one issue of fact to a jury, and the verdict was for plaintiff. The issue was, whether the plaintiff has acquired by prescription, the right to turn water on the defendant's land.

"The ultimate objection of the defendant in the special proceeding she has begun, is to get compensation for the taking of her property.

"She has not sued under the statute for damages. She has not sued in equity for injunction. The plaintiff has sued to enjoin the special proceeding before the clerk. That is the case at bar. I do not know if the Supreme Court has sustained the right of the defendant to maintain the proceeding for compensation. All these questions of law are difficult and to my mind unsettled.

"But upon the issue tried before me I have a settled conviction, and it is, that the verdict of the jury will work a grave wrong to the defendant. I visited the *locus* twice

and examined it with great care in the light of the testimony. For many years the water which fell in the vicinity of Marion street and Elmwood avenue was accustomed to flow north across Elmwood avenue in a surface drain, from which it was precipitated down upon defendant's lands.

"Within six years before the commencement of the special proceedings for compensation, the city let down manholes on the south side of Elmwood avenue, near the foot of Marion street. The accumulated waters fell down these manholes, passed under Elmwood avenue, and were thrust upon defendant's lands, at a point six or seven feet below, where they were accustomed to fall over. There was clearly a substantial change of the burden, for it was bound to increase the damage to the servient estate.

"Good engineering ought to save property of the citizens from the ravages of water; bad engineering turns loose the floods to go where there is least resistance, and counts not the damage.

"I set the verdict aside, because I am satisfied the city has wronged and is still wronging the defendant.

"It is so ordered; and the prayer for perpetual injunction is refused."

The exceptions raise practically but two questions.

The first is, whether the appellant is entitled to a trial by jury, upon the issue of title.

On the 16th of July, 1907, his Honor, Judge Dantzler, made the following order: "This is a motion on behalf of plaintiff to transfer this cause from calendar 1 to calendar 2, upon the ground that it has been improperly docketed on calendar 1.

"The suit is for injunction to restrain the defendant from proceeding, under the condemnation statutes of this State, to have a jury assess the damages done certain property, real estate within and adjoining the limits of the city of Columbia, by reason of the flow of surface water which

defendant alleges the city had diverted and piped upon her lands, upon the ground that the defendant is not the owner of said premises, and that the city of Columbia has acquired by prescritpion, the right to so drain its surface waters.

"The pleadings, therefore, raise the question of title, which must be tried by a jury unless waived: the case is, therefore, upon the proper calendar, and the motion is refused."

When the cause, thereafter, came on for hearing, before his Honor, Judge Gage, and a jury, the title of Mrs. Melton was admitted. The presiding Judge then submitted the following issue to the jury: "Has the city of Columbia, at a point on Elmwood avenue, near its junction with Marion street, discharged in a channel, waters on the land of Mrs. Melton, in practically the same way and to the same extent, for twenty years next before January, 1906, and continuously and adversely to Mrs. Melton?"

The jury by its verdict answered: "Yes."

The view which the Court takes as to the second assignment of error, renders this question merely speculative.

The second question in the case is, whether Mrs. Melton had the right, under the statutes, to institute condemnation proceedings; for, undoubtedly, if she has no such right, then there was error in dismissing the complaint.

When this case was before the Court upon the former appeal (81 S. C., 356, 62 S. E., 245), Mr. Justice Woods wrote an opinion setting forth his reasons why Mrs. Melton could not resort to condemnation proceedings for the purpose of recovering the damages alleged to have been sustained by her. The other members of the Court, however, did not consider said question, for the reason that they did not regard it as then properly before the Court for determination.

No such objection can now be urged to its consideration; and, for the reasons then assigned by Mr. Justice Woods, the exceptions raising this question are sustained.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the condemnation proceedings be enjoined.