GARRAUX v. CITY COUNCIL OF GREENVILLE.

1. EMINENT DOMAIN—DAMAGES—CONSTITUTION—MUNICIPALITIES—PRIVATE PROPERTY—STREETS.—Under the provisions of the Constitution forbidding taking private property for public use, a municipality is not liable in consequential damages to an adjoining lot owner for changing the grade in a street.

2. STREETS—MUNICIPALITY—GREENVILLE—DAMAGES—REMEDIES—MANDAMUS.—19 Stat., 106, amending charter of city of Greenville, gives an adjoining lot owner compensation for damages resulting to his lot from a change of grade in the street, and provides a method of obtaining compensation by commissioners which is exclusive, and the appointment of which by either party may be compelled by mandamus.

Before ALDRICH, J., Greenville, April, 1898. Affirmed.

Action by Mrs. E. Garraux *v.* the City Council of Greenville, for damages for changing grade of street abutting her lot. From judgment of nonsuit, plaintiff appeals.

*Messrs. Haynsworth, Parker & Patterson,* for appellant,

cite: *Sec. 30, 19 Stat., 106, includes change of grade:* 57 A. R., 4; 15 Ohio, 458; 54 Mo., 172; 8 Barb., 95; 29 N. J. L., 353; 50 A. D., 709. *Change of grade is a "taking of property."* 30 A. St. R., 832; 102 Ill., 391; 125 U. S., 161; 56 A. R., 109; 67 Ga., 388; 37 A. R., 779; 52 A. R., 420; 42 A. St. R., 149; 26 S. E. R., 341; 11 Tex. Cir. App., 596; 109 Mass., 123; 66 Mo. App., 121; 132 Mo., 585; 47 Neb., 133; 39 L. R. A., 345, 349; 7 Am. St. R., 619; 12 Ib., 644; 19 Ib., 461; 40 Ib., 699. *Statutory assessment not exclusive:* 25 A. R., 412.

*Mr. B. A. Morgan,* contra, cites: *As to constitutional provisions when property is taken or damaged:* 66 Cal., 492; 16 W. Va., 402; 67 Ga., 386; 16 Fed. Rep., 444; 67 Ill., 477; 23 Neb., 325; 78 Mo., 107; 80 Ala., 489; 98 Pa. St., 522. *As to like statutory provisions:* 30 Am. St. R., 848; 50 Ind., 151; 100 Ind., 242; 12 Ia., 437; 63 Ia., 576; 109 Mass., 123; 125 Mass., 519; 22 Minn., 527; 12 R. I., 241; 104 N. Y., 68; 3 Bart., 338; 49 Conn., 394; 78 Ky., 170. *Statutory remedy exclusive:* 104 N. Y., 68; 13 R. I., 17; 30 Mo. App., 699; 30 Am. St. R., 848; 14 S. C., 286; 2 Hill., 571; 2 Rich., 82; 3 Ret., 409. *City is not liable for constitutional "taking" in changing grade of street unless property is actually invaded:* 99 U. S., 635; 100 Ind., 242; 78 Wis., 457; 28 Fla., 558. *Plaintiff must have calculated upon reduction in grade when she purchased:* 1 Rich., 418; 20 How., 135. *Power to fix grade of a street is a public power:* 16 S. E. R., 867. *Any change in grade made by city engineer without authority from city, does not bind city:* 100 Ind., 345; 69 Ia., 541; 44 Conn., 164; 32 Mich., 164. *Commissioners of roads may make alterations in roads:* 11 Rich., 485; 2 Bail., 316; 4 McC., 5; 1 Rich., 335. *City council may alter or change streets:* 48 S. C., 553; 8 Barb., 95. *Cases holding adversely to plaintiff's claim:* 51 Wis., 645; 3 Mass., 406; 7 Mass., 158; 54 Ga., 187; 9 Gray, 186; 43 Me., 322.

Nov. 24, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is an appeal from an order of nonsuit in an action by plaintiff, the owner of a lot abutting on a street in the city of Greenville, for damages resulting from the lowering of the grade of the street by the city council.   The evidence tended to show that plaintiff, in 1878, with reference to the grade of the street then established, erected a dwelling house and other improvements on said premises, and that in 1895–6, the city council, against her protests, cut down the grade of the street in front of said lot about eight feet lower than in 1878, thereby rendering access to her premises difficult, and depreciating the market and rental value, to her damage estimated at from $1,200 to $2,000.   It appeared also by the complaint and answer that plaintiff applied to the defendant, offering to submit the question of damages to commissioners as provided in the city charter, but defendant, denying its liability, refused to appoint a commissioner.

Neither the order granting the nonsuit nor the record before us discloses the grounds upon which the nonsuit was based.   As the testimony was sufficient to carry the case to the jury, provided defendant is liable to an action for damages resulting from grading its streets without negligence, we assume the ruling was based upon the proposition that defendant is not liable to such action.   Whether the defendant is so liable, will depend upon whether there is any constitutional or statutory provision making the municipality liable for compensation for injury resulting from the proper exercise of its governmental powers, and whether, if any remedy is provided therefor, such remedy is exclusive.   The only provision of the Constitution bearing upon this question is in art. I., sec. 17, where it is provided, "Private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made therefor."   The great weight of authority is to the effect that a change in the grade of a street, which diminishes the value of adjacent property, is not a "*taking*" of property,

within the constitutional provision above quoted. Cooley's Const. Lim., 671. According to 2 Dillon Mun. Cor., sec. 990, "Municipal corporations, acting under the authority conferred by the legislature to make and repair, or to grade, level, and improve streets, if they keep within the limits of the street, and do not trespass upon or invade private property, and exercise reasonable care and skill in the performance of the work resolved upon, are not answerable to the adjoining owner, whose lands are not actually taken, trespassed upon or invaded, for consequential damages to his premises, unless there is a provision in the charter of the corporation or in some statute, creating the liability * * *. And this is so, although the grade of the street has been before established, and the *adjoining property owner had erected buildings or made improvements with reference to such grade.*" The authorities in support of the doctrine stated are very numerous. We cite only the case of *Transportation Co.* v. *Chicago*, 99 U. S., 635. This Court, in the very recent case of *Water Co.* v. *City Council of Greenville*, 53 S. C., at p. 89, stated, *arguendo*, that *closing* a street is not the taking of property. There is, therefore, no implied liability under the Constitution resting upon a municipality to make compensation for injury resulting from grading its streets.

Is there any statute imposing such liability? Appellant argues that sec. 30 of the charter of Greenville, 19 Stat., 106, provides for such liability. Respondent contends that this section does not embrace liability for injuries resulting from merely grading a street. Without setting out that section in full or discussing again the point, it is sufficient to say that in the case of *Water Co.* v. *City Council, supra*, this Court held that the provision in said section, that "any person damaged by the closing or from altering of any such street * * * shall be duly compensated therefor by the city council," imposes the liability upon the city council to make compensation for injury resulting from grading a street, as the term "alter"

includes any substantial change in the structural formation of the street, such as grading of the character mentioned. It is settled, therefore, that the charter of the city of Greenville makes the city liable to make compensation for injuries resulting from grading its streets in the manner complained of. But the question still remains, does this statute afford a remedy, and is such remedy exclusive? The said section 30, *supra*, goes on to provide: "In case the said city council and the owners of land over which the same shall pass, or the persons damaged by the closing or altering as aforesaid, cannot agree upon the amount of compensation to be paid to such owners or persons, the same shall be assessed by three commissioners to be appointed, one by the city council, one by the land owner or person damaged, and the third by the two commissioners thus appointed; and in case any land owner shall neglect or refuse to appoint a commissioner within five days after notice so to do, then the chairman of the board of county commissioners of the county of Greenville shall appoint a commissioner, who, with the one appointed by the city council, shall select the third commissioner; provided, that either party may appeal from such assessment to the Court of Common Pleas for said county, by serving written notice of such appeal upon the other party within five days after such assessment shall have been made, when the issue of value shall be submitted to a jury." Here, then, is a remedy—is it exclusive? We think so. In reference to the remedy for compensation for right of way provided by statute, this Court has repeatedly held that such remedy is exclusive. *Leitzsey* v. *Water Power Co.*, 47 S. C., 484, and cases cited therein. The fact that the city council refused to appoint a commissioner does not affect this question, any more than a refusal by the clerk of the court to discharge some duty imposed upon him in right of way condemnation proceedings. The city council could be compelled by mandamus to perform the ministerial duty of moving in the matter of appointing a commissioner, just as the chairman of the board of county

commissioners of Greenville County, who is required to appoint a commissioner in the event the person damaged fails to appoint one within the time required. In this way both partes have the power and means to use the remedy provided by the statute. Mr. Dillon, in 2 Mun. Cor., sec. 992, states that where the statute authorizing the opening and improving of streets provides a specific remedy, or a remedy other than an ordinary civil action, that remedy alone can be pursued; and in the case of *Transportation Co.* v. *Chicago, supra,* the Supreme Court of the United States, speaking in reference to street improvements by a city, said: "The remedy, therefore, for a consequential injury resulting from the State's action through its agents, if there be any, must be that, and that only, which the legislature shall give. It does not exist at common law."

We, therefore, affirm the order of nonsuit, but without prejudice to the right of plaintiff to seek compensation in the manner provided by charter of the city of Greenville. Judgment affirmed.