## GIBSON v. GREENVILLE.

MANDAMUS—CONDEMNATION—STREETS.—The Circuit Court may by mandamus compel city council of Greenville to appoint a commissioner to assess damages to abutting property by altering grade of street, where defense is that "liability in this case is not conceded but is denied, nor has it been adjudged liable heretofore."

Before KLUGH, J., Greenville, August, 1901. Affirmed.

Motion for mandamus in W. C. Gibson against City Council of Greenville. From order granting motion, defendant appeals.

*Messrs B. A. Morgan* and *Carey & McCullough,* for appellant. *Mr. Morgan* cites: *No sufficient ground was shown for the order:* 13 Ency. P. & P., 674, 675, 676; 16 S.

C., 533; 15 S. C., 330; 19 Ency., 2 ed., 725, and note on 727; 38 S. C., 308. *Writ could only direct acts of official duty:* 6 S. C., 126. *Charter only provides for ascertaining amount of compensation:* 33 S. C., 483; Rev. Stat., 1550, 1551, 1743, 1744; 38 S. C., 308.

*Messrs. Haynsworth, Parker & Patterson,* contra, cite: *Liability of city has been established:* 53 S. C., 575. *Mandamus will lie here:* 46 S. C., 289.

August 11, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appeal in this case is from an order of mandamus by Judge Klugh, dated August 10, 1901, commanding the city council of Greenville, within thirty days after the service of the order to appoint a commission to assess the amount of damages suffered by the plaintiff, W. C. Gibson, through the alteration of the grade of Main street, in the city of Greenville, as provided in sec. 30 of the charter of said city. Mandamus was resisted solely on the ground that "liability in this case is not conceded but is denied, nor has it been adjudged liable heretofore," and the consideration of exceptions imputing error must be restricted to that point. In the case of *Garraux v. Greenville,* 53 S. C., 578, 31 S. E. R., 597, this Court sustained the contention of the city of Greenville that sec. 30 of the city charter afforded a remedy to an adjoining lot owner to obtain compensation for damages resulting to his lot from an alteration of the grade of the street, and that such remedy is exclusive. That remedy contemplated the assessment of compensation by three commissioners to be appointed, one by the city council, one by the land owner or person damaged, and the third by the two commissioners thus appointed. The Court further said that the city council could be compelled by mandamus to perform the ministerial duty of appointing a commissioner. In the case just cited, the city council of Greenville defeated an action for damages

at common law on the ground that the statutory remedy is exclusive, and now attempts to defeat the remedy provided by statute on the ground that it has not been heretofore adjudged liable to make compensation, and that such liability is denied, and that such issue cannot be determined in the statutory remedy. This is no defense whatever against the performance of its plain ministerial duty under the statute, the undisputed facts being that W. C. Gibson is the owner of the lot abutting on Main street, in said city; that the grade of said street has been altered by the city council; that the lot owner claims to have been damaged thereby and demands compensation; that the lot owner has requested the city council to appoint a commissioner to assess compensation, under sec. 30 of the city charter, and that the city council has refused to make such appointment.

The judgment of the Circuit Court is affirmed.