6912

## CITY COUNCIL OF GREENVILLE v. EARLE.

1. CITIES AND TOWNS—STREETS—ESTOPPEL—LIMITATION OF ACTIONS.—
Finding that property of lot owner was damaged by changing grade
of street without his consent, affirmed. That he signed a petition with
owners asking that a cement pavement be laid on that street, and
payment of his part of the assessment on abutting lot owners with-
out knowledge of the change in the grade, and that he did not get
the grade from the city engineer when he built the houses, do not
estop him from proceeding under the city charter to have his damages
assessed. Such proceeding may be maintained within six years.

2. REHEARING refused.

Before GAGE, J., Greenville, July, 1907. Affirmed.

Action by City Council of Greenville against Thomas T.
Earle. From judgment for defendant, plaintiff appeals.

*Mr. Wm. G. Sirrine,* for appellant, cites: *Measure of dam-
ages:* 64 S. C., 445.

*Mr. Wilton H. Earle,* contra, cites: *Plaintiff must appoint
arbitrators under charter:* 53 S. C., 82, 575. *Manda-
mus will lie to compel appointment of arbitrators:* 64 S.
C., 455, 438, 444. *Measure of damages:* 27 Ency., 142;
64 S. C., 444; 33 S. E. R., 245. *Estoppel does not apply:*
42 S. C., 348; 4 Am. & Eng. Dec. in Eq., 258; 57 S. C.. 519;
36 Wis., 511; 39 Wis., 360; 119 Mass., 392.

The opinion in this case was filed March 30, 1908, but
remittitur held up on petition for rehearing until

May 13, 1908. The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE POPE. On the 31st day of August.
1906, Dr. Thomas T. Earle served a notice in writing upon
the city council of Greenville, South Carolina, that he desired
an arbitration under the provisions of the charter of the city

21—80

of Greenville for his claim against the said city council amounting to one thousand dollars, for damages caused to his property by the changing, altering and raising of Richardson street in said city, during the year 1906, and previous thereto—the said property being two lots of land on Richardson street between Buncombe and Coffee streets, in said city, and having a frontage of one hundred and five feet on the west side of Richardson street, more or less, and that he thereby demanded the appointment of an arbitrator to represent the interest of said city in this matter as provided by said charter.

A complaint was filed by the city council of Greenville on the 11th day of October, 1906, which, after giving the detailed statement of the city of Greenville's objection thereto, prayed that the defendant be enjoined from proceeding to have arbitrators appointed to assess damages to the property either by notice, mandamus or otherwise until plaintiff's liability be established, and for such other and further relief as to the court may seem proper.

Judge Watts passed an order on the 15th day of October, 1906, wherein he required Dr. Thomas T. Earle to show cause before him on the 25th day of October, 1906, why he should not be enjoined from all proceedings to obtain the appointment of an arbitrator to assess damages on account of the laying of the sidewalk on Richardson street in the city of Greenville, and in the meantime enjoined or restrained any further proceedings by Dr. Earle in relation thereto.

To this complaint Dr. Earle made answer setting up his rights in the premises, and on the 24th day of October, 1906, Judge Watts issued his order enjoining Dr. Earle from any proceedings until the further order of the Court; and it was further ordered by Judge Watts, that it be referred to J. W. Gray, Esq., master for Greenville county, to take such testimony as may be offered by the parties in support of the pleadings and report the same to this Court, with his conclusions of fact, with leave to report any special matter.

Both sides to the controversy were heard by witnesses before the master, who made the following report upon the issues referred to him:

"To the Court of Common Pleas:

"The master to whom this case was referred, begs leave to report that he has held references and taken the testimony herewith filed.

"The complaint in this case sought an injunction to restrain defendant from prosecuting proceedings begun by him, under section 30 of the charter of the city of Greenville, to have an assessment of damages alleged to have been done to defendant's poperty by the altering of the grade of the sidewalk on the south side of Richardson street, in said city, within the last three years. An order to show cause why an injunction should not be granted as prayed for, was passed by Judge R. C. Watts, on the 15th day of October, 1906, and the defendant having made return thereto and filed his answer, after hearing argument, Judge Watts, on the 24th day of October, 1906, ordered, "That the defendant, Thomas T. Earle, be, and he is hereby, restrained and enjoined until the further order of this Court from taking any poceedings to obtain the appointment of commissioners to assess the alleged damages suffered by him on account of the laying of the sidewalk on Richardson street and the changing of the grade thereof;' and further ordered, 'That it be referred to J. W. Gray, master for Greenville county, to take such testimony as may be offered by the parties in suppot of the pleadings and report the same to this Court with his conclusions of fact, with leave to report any special matter.'

"The issues raised by the pleadings are:

I. "Did the plaintiff alter the grade of the sidewalk in front of defendant's property and thereby damage the same?

II. "If so, is the defendant estopped by his own acts from claiming such damages?

III. "Statute of limitations.

"The plaintiff's liability for damages depends upon whether it altered the grade of the sidewalk in front of defendant's property without his consent, and whether such alteration of grade affected injuriously the value of said property.     Of course, such liability is subject to the plea of estoppel and the statute of limitations.

"I find as matters of fact:

I. "That the allegations contained in paragraphs 1, 2, 3, 4 and 6 of the complaint are true.

II. "That the defendant, Thomas T. Earle, is now the owner of the two houses and lot, situate on the west side of Richardson street in the city of Greenville, described in the complaint and that he has owned said property since the fall of 1892.

III. "That the defendant petitioned the plaintiff to have a cement pavement put down in front of said property and agreed to pay one-third of the cost, but did not ask for, or consent to, the altering of the grade of the sidewalk then existing.

IV. "That the plaintiff within the last three years had dirt placed on the sidewalk and a cement pavement put down in front of defendant's property on Richardson street, and in so doing altered materially the grade of the sidewalk, so much as to place the floor of the piazzas of defendant's two houses, which were previously above the sidewalk, on a level with or a little below the cement pavement.

V. "That the rental value of said property was impaired by reason of said alteration in the grade of the sidewalk and remained so, until the houses on said lot were raised about eighteen inches and the lot in front filled with earth by defendant, at the expense of three hundred and six dollars.

VI. "That to retain the earth used in filling in the front yard, the erection of sustaining walls are necessary, and that the lowest estimates furnished to the defendant for the construction of such walls is eighty dollars.

VII. "That before said improvements were completed . defendant suffered a loss of thirty dollars by reason of not having his house occupied by tenants.

VIII. "That the defendant paid plaintiff one-third of the cost of laying the cement pavement, but at the time of doing so did not know that the grade of the sidewalk in front of his property had been altered.

IX. "That the plaintiff is liable to the defendant in damages under section 30 of plaintiff's charter of incorporation.

X. "That the testimony shows no act of the defendant, certainly after the laying of the cement pavement, to warrant an estoppel.

XI. "That the cause of action having taken place in less than six years before the commencement of this action, the plaintiff can not avail itself of the statute of limitations.

" 'Right to compensation in damages to abutting lot owner for altering grade of street in Greenville, does not depend on whether the building was erected with reference to a street grade obtained of city engineer, or whether he had authority to fix such grades.' *Mauldin* v. *Greenville,* 64 S. C., 445, 42 S. E., 202.

" 'In city of Greenville abutting property-owners have right to demand and city is liable to make compensation for damages to the property by reason of altering the grade of the street. 19 Stat., 106, amending charter of the city of Greenville, gives an adjoining lot-owner compensation for damages resulting to his lot for change of grade in street, and provides a method of obtaining compensation by commissioners, and the appointment of which by either party may be compelled by mandamus.' *Garraux* v. *City of Greenville,* 53 S. C., 575, 31 S. E., 597.

" 'The Circuit Court may, by mandamus, compel city council of Greenville to appoint a commissioner to assess damages to abutting property by altering grade of street where defense is that liability in this case is not conceded,

· but is denied, nor has it been adjudged liable therefor.' *Gibson* v. *Greenville,* 64 S. C., 455, 42 S. E., 206.

"The master, therefore, recommends that the complaint be dismissed and the injunction dissolved and that a mandamus issue compelling the plaintiff to appoint a commissioner as required in section 30 of the act of incorporation of the city of Greenville, 19 Stat., 106."

Upon the exceptions filed thereto by the city of Greenville the matter came on to be heard by his Honor, Judge Gage, on the 5th day of July, 1907. Judge Gage pronounced the following decree:

"There are two issues and both of fact.

"First. Was the sidewalk elevated?

"Second. Was the abutting lot damaged thereby?

"The master found both issues against the plaintiff.

"The plaintiff concedes that if the city did elevate the sidewalk, and if any damages did result, then the injunction must be dissolved.

"But the plaintiff contends that the defendant with others joined in a petition for the sidewalk; and he is now estopped to say the work injured him.

"The plaintiff further contends that the laying of the cement sidewalk has enhanced the value of the lot, so that defendant has not been damaged at all.

"These contentions I can not sustain.

"I am of the opinion that the report of the master must be affirmed; and it is so ordered.

"It is further ordered, that the injunction be dissolved and that the defendant be remitted to his remedy at law."

From this order the plaintiff has appealed to this Court upon eleven exceptions, which we will dispose of in their order.

1. "His Honor erred in finding as follows: 'The plaintiff concedes that if the city did elevate the sidewalk, and if any damages did result, then the injunction must be dissolved.'

He should have held that the plaintiff qualified this admission by asserting and proving that it was necessary for the city engineer to lay the cement in the manner in which it was laid in order to carry off the surface drainage and to prevent the same from washing defendant's lot, and if this object was achieved, then, notwithstanding the houses might be raised, the injunction should not be dissolved."

Before we begin a consideration of the exception, we remark that the citation of the statute and decisions relating to the matter here complained of is so full and complete in the master's report that we content ourselves to this reference to the same.

We do not see that the addition desired by the appellant to the language used by the Circuit Judge is at all important; the Circuit Judge did not find that the additional words or proviso of the appellant was necessary, nor do we. This exception is overruled.

2. "His Honor erred in ordering that the injunction be dissolved and the defendant be remitted to his remedy at law, because it appears from the whole case that the plaintiff had shown good ground for the granting of an injunction by the preponderance of the testimony."

The Circuit Judge having become convinced that the grounds upon which the appellant sought to stay the hands of the respondent were not well grounded, and, of course, such being the case, the injunction ought not to have been retained. A careful study of the testimony convinces us that the injunction should have been dissolved. This exception is overruled.

3. "His Honor erred in refusing to sustain the first exception to the master's report, which was as follows: 'The master erred in holding that the plaintiff's liability for damages depended upon whether it altered the grade of the sidewalk without defendant's consent, and whether such alteration injured the value of defendant's property, when he

should have held that the question of the defendant's consent had nothing to do with this case.　The streets belong to the public and must be kept and improved according to the best judgment of the city engineer and the sole question is whether the building of the cement walk caused any damage to the defendant.' ''

The master did not mean by the language employed by him to convey the idea that the consent of the landowner was essential to any changes made by the city council, but that, as a fact, the defendant did not consent to any change. This exception must be overruled.

4. "His Honor erred in refusing to sustain the second exception to the master's report, which was as follows: 'The master erred in finding that the plaintiff materially altered the grade of the sidewalk so as to place the floors of the defendant's piazzas on a level or a little below the cement pavement, when he should have held that from all the testimony it appears that the defendant's houses have always been below the level of the former sidewalk, and when the cement sidewalk was put down no material changes were made in the grade, but the sidewalk was simply brought to the uniform surface, making the difference in the highest place, above the old grade, only six inches, and the six-inch raise was necessary by the contour of the land, water having heretofore poured over the sidewalk on to the defendant's property, making the walk at that place muddy and damp.' ''

A careful investigation of the testimony caused us to conclude that the master made no mistake in his conclusion here referred to.　There was an honest difference of opinion evinced by the witnesses on both sides, but the weight of the testimony lay with the defendant.　This exception is overruled.

5. "His Honor erred in refusing to sustain the third exception to the master's report, which was as follows: 'The master erred in holding that the rental value of defendant's property was impaired, or that it was damaged by

the building of the cement sidewalk, or that it was necessary to raise the houses, at an expense of $316.00, in order to make them yield as large a rental as before; and he also erred in finding that it was necessary to build a retaining wall to hold back the dirt which the defendant has seen fit to place upon the property, which has always been far below the street level, and which, at the back of the house, was from four to six feet below the level of the sidewalk. He erred in finding that such costs would be eighty dollars.' "

The master's conclusion, as here complained of, is supported by a preponderance of the testimony of the witnesses. This exception is overruled.

6. "His Honor erred in refusing to sustain the fourth exception to the master's report, which was as follows: 'The master erred in holding that the defendant has suffered any loss, either in the rental value of the houses or in the actual value of this property, by the altering of the sidewalk or by any work that was done upon the sidewalk before the cement was laid, and if the testimony raised any questions as to how much of the dirt thrown upon the sidewalk from time to time remained in spite of the rains, it clearly appears that the defendant knew, or ought to have known, of the raise in the sidewalk at the time he signed the petition for the cement in 1906. The defendant, being a property owner and signing a petition for the cement work, is now estopped from claiming damages to his property by reason of anything that was done prior to 1906. The testimony in this case shows by the great preponderance thereof (1) that the city engineer, in order to lay the sidewalk properly and carry off the surface flood-water which has always come down Richardson street, was compelled to raise the sidewalk six inches at the highest point,—that is to say, $3\frac{1}{2}$ inches in front of one house belonging to defendant, and $4\frac{1}{2}$ inches in front of the other house, and this slight change of grade being necessary for the protection of defendant's property, no damages can be recovered. (2) That the

property of defendant instead of being damaged is greatly appreciated in value by and since the building of the cement sidewalk.' "

We do.not think there was any error here by the master. There was no estoppel of the defendant by reason of his having petitioned city council, along with others, to have the pavement placed on Richardson street. The rule laid down in *Gaston* v. *Brandenburg,* 42 S. C., 348, 20 S. E., 157, does not interfere with the right of the defendant. This exception is overruled.

7. "His Honor erred in refusing to sustain the fifth exception to the master's report, which was as follows: 'The master erred in finding that the defendant did not know when he paid for the cement that there had been a slight change in the sidewalk, when, if there had been any changes, he was presumed to know it under the circumstances.' "

The proof offered was that Dr. Earle did not know of any changes at the time that he agreed to pay part of the cemented sidewalk, and there was no proof that he did know. Presumptions fade in the presence of fact. This exception is overruled.

8. "His Honor erred in refusing to sustain the sixth exception to the master's report, which was as follows: 'The master erred in finding that the plaintiff is liable to defendant under Section 30 of the city charter, or that the plaintiff can not avail himself of the plea of estoppel or the statute of limitations.' "

We see no reason why section 30 of the city charter does not govern the rights of Dr. Earle as well as other citizens; there was no reason why the doctrine of estoppel should apply, nor did the statute of limitations apply. This exception is overruled.

9. "His Honor erred in refusing to sustain the seventh exception to the master's report, which was as follows: 'The master erred in holding that a right of compensation against the City of Greenville has no reference to the grade given

by the city engineer, and he should have found that no grade was asked for by the defendant in this case when he built the houses; that he can not complain, even if the grade has been altered.' "

It seems that the grade given by the city engineer to Richardson street was not brought out with any prominence in this contention, and we see no reason why it should be in this case. This exception is overruled.

10. "His Honor erred in refusing to sustain the eighth exception to the master's report, which was as follows: 'The master erred in refusing to allow the plaintiff to introduce in evidence the tax return of the defendant for the year 1906, in reply to defendant's testimony that the property is now worth more than eight thousand dollars, when said tax return shows that the entire property was returned the same year that the sidewalk was built at one thousand eight hundred dollars.' "

Both parties had announced their conclusion of testimony, but on the next day thereafter counsel for the city council of Greenville wished to introduce a tax return of Dr. Earle. The master declined to open the reference for that purpose; this was within his discretion. This exception is overruled.

11. "If his Honor properly sustained the eighth exception to the master's report, then his Honor erred in refusing to allow plaintiff to introduce the tax return of the defendant in open court, or in not ordering the case back to the master with instructions to permit the said tax return to be introduced in evidence."

The tax return referred to in the tenth exception is again presented as a ground of this exception to the master's report. No gravity can attach to a failure to produce in evidence a tax return. We see no error here. Let this exception be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

May 13, 1908.  PER CURIAM.  After careful considera-
tion of the petition herein the Court is satisfied that
no material question of law or of fact has either ·
been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed
and that the order heretofore granted staying the remittitur
be revoked.