### 7367

### EARLE v. CITY OF GREENVILLE.

RES JUDICATA.—Issues adjudicated in a suit to enjoin a citizen from assessing damages under a statute against a municipality for damages to abutting property by changing the grade of the street are *res judicata* in the trial of assessing damages.

*Greenville* v. *Earle,* 64 S. C., 443, *affirmed.*

Before DEVORE, J., Greenville, November, 1908.    Reversed.

Proceeding for assessment of damages by Thomas T. Earle against City Council of Greenville. From judgment for defendant, plaintiff appeals.

*Mr. Wilton H. Earle,* for appellant, cites: 80 S. C., 321; 34 S. C., 189; 17 S. C., 40; 19 S. C., 156; 53 S. C., 289; 55 S. C., 510; 81 S. C., 519; Big. on Est., 45; 52 S. C., 175; 94 U. S., 351; 125 Ga., 489; 52 W. Va., 311; 131 N. C.,

133; 100 Va., 741; 65 S. C., 400; 54 S. C., 109; 31 Kan., 262.

*Mr. Wm. G. Sirrine,* contra, cites: 64 S. C., 438, 445.

November 10, 1909.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    The charter of the city of Greenville provides that when an owner of property, abutting on a street, sustains damages by reason of altering the grade of the street, he may have his damages assessed by commissioners, appointed as therein prescribed, and that either party may appeal from such assessment to the court of common pleas, where the issue of value shall be submitted to a jury.

The appellant, being the owner of two lots, abutting on a street in said city, on which he had built houses, joined other property owners in a petition to the city council to pave the sidewalks on said street, agreeing to pay one-third of the cost.

Council granted the petition, and, in doing the work, changed the grade of the street opposite appellant's property, so that his houses, which had previously been above the grade line of the street, were thrown below it.    Without knowledge of this alteration of the grade, appellant paid his part of the cost of paving the sidewalk.    On discovering the alteration of the grade of the street, conceiving that he had been damaged thereby, he proceeded, under the charter of the city to have his damages assessed.    The city brought an action to enjoin the proceedings, denying liability, on the grounds: 1. That his property had not been damaged; 2. That he was estopped by reason of having joined in the petition to have the work done; and, 3. That the claim was barred by the statute of limitations.

On return to a rule to show cause, a temporary restraining order was granted, and the issue referred to the master, who found and reported that he had been damaged, and

wherein, and to what extent, that he was not estopped, and that his claim was not barred, and recommended that the temporary injunction be dissolved, and the complaint dismissed. On exceptions, the master's report was confirmed, and judgment entered accordingly. On appeal to this court, the judgment of the Circuit Court was affirmed. 80 S. C., 321, 60 S. E., 1117.

When the action for injunction was finally ended, the parties, by stipulation in writing, waived the assessment of damages by commissioners, and agreed to submit the question directly to a jury in the court of common pleas. At the trial, the respondent still denied that appellant had sustained any damages, and contended that he was estopped, upon the same grounds that had been adjudicated in the action for injunction. Appellant offered to introduce the record in that action, as an estoppel against such contention. The presiding judge excluded the record, and submitted to the jury the question whether the plaintiff had sustained any damages at all, and charged them, in substance, that if appellant signed a petition to have certain things done on the sidewalk in front of his property, the council had a right to presume that he knew what he wanted, and if he stood by and let council do what he had asked it to do, and he was thereby injured, he could not hold the city responsible.

Under these instructions the jury found for the city.

We think his Honor erred in excluding the record and judgment in the case of *Greenville* v. *Earle.* No principle of law is better settled, or more firmly adhered to by the courts, than that parties are concluded by the judgment of a court of competent jurisdiction directly upon questions which have once been litigated between them. The doctrine is founded upon principles of wise public policy—*"inter est republicae ut sit finis litum"*—and the wholesome maxim of the common law, that no man should be twice vexed for the same cause,—*"nemo debet bis vexari pro eadem causa."* Here the parties are the same, the subject matter of the con-

troversy was the same, and the precise points, to wit, that appellant had been damaged, and that he was not estopped from claiming such damage, were decided in the case of *Greenville* v. *Earle.*

In the Duchess of Kingston's case, the doctrine, so far as applicable to this case, is thus stated: "First, that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, or as evidence, conclusive between the same parties, upon the same matter, directly in question in another court; secondly, that the judgment of a court of exclusive jurisdiction, directly upon the point, is in like manner conclusive upon the same matter, between the same parties, coming incidentally in question in another court for a different purpose." *Hart* v. *Bates,* 17 S. C., 35.

Counsel for respondent asked and was given leave to review the case of *Greenville* v. *Mauldin,* 64 S. C., 443, 42 S. E., 400. We do not see how even a reversal or modification of the principles announced in that case would affect the decision of this case, for, as held in *Sanders* v. *Bagwell,* 37 S. C., 145, 15 S. E., 714, and *Jones* v. *Ry.,* 65 S. C., 418, 43 S. E., 884, when points arising in a case before this Court have been decided, they become *res judicata,* and when the remittitur has been sent down, this Court loses jurisdiction, and cannot, therefore, in the further progress of the case, render a different decision upon the points decided, so as to affect the particular case in which the decision was rendered.

Hence, the questions decided in *Greenville* v. *Earle,* are *res judicata,* and could not be affected by any modification of the principles of *Greenville* v. *Mauldin.* However, after careful consideration of the case of *Greenville* v. *Mauldin,* we are satisfied with the decision and the principles therein announced.

Judgment reversed.