**Gregory JOHNSTONE,**
**Petitioner-Appellant,**

v.

**Walter J. KELLY, Superintendent,**
**Attica Correctional Facility,**
**Respondent-Appellee.**

**No. 160, Docket 86–2199.**

United States Court of Appeals,
Second Circuit.

Motion for Clarification of Mandate
Submitted Feb. 5, 1987.

Decided March 2, 1987.

Before VAN GRAAFEILAND, MESKILL and NEWMAN, Circuit Judges.

PER CURIAM:

On December 24, 1986, we ruled that the petitioner-appellant, Gregory Johnstone, was entitled to his release from custody unless the State of New York promptly afforded him a new trial. *Johnstone v. Kelly,* 808 F.2d 214 (2d Cir.1986). That ruling resulted from a holding that Johnstone's state court conviction had been obtained in violation of his constitutional right to represent himself. The State now seeks a clarification of the mandate endorsing its view that the State can satisfy its obligation to Johnstone by affording him a retrial at which he would be required to represent himself. The State, now represented by the District Attorney for New York County,[1] contends that since the only constitutional defect in Johnstone's conviction was denial of the right to proceed *pro se,* the State need only provide a retrial at which Johnstone represents himself. If Johnstone is permitted to be represented by counsel at the retrial, the argument continues, he will "receive again what the state once provided him." Memorandum of Appellee on Motion to Clarify Mandate at 3.

The State's position is not well taken. The Sixth Amendment guarantees Johnstone the right to represent himself, if he so chooses, at any trial the State may initiate. But the Amendment also assures him the right to have the assistance of counsel. At Johnstone's first trial, he assessed the circumstances then confronting him and elected to represent himself. The unjustified denial of that request led to a conviction that was successfully challenged by a petition for a writ of habeas corpus. If the

---

**1.** The motion of the District Attorney to be substituted for the Attorney General of New York is granted.

State elects to retry Johnstone rather than release him, the State will be obligated at any retrial to afford Johnstone all of his constitutional rights, including the right to have the assistance of counsel and the right to represent himself. In deciding which component of his Sixth Amendment right he wishes to exercise at a retrial, Johnstone is entitled to assess the circumstances then confronting him and decide whether representation by counsel or proceeding *pro se* will best serve his interests at the retrial.

If Johnstone elects to be represented by counsel at a retrial, it is not quite true, as the State contends, that he will again receive what the State once provided him. Though the State previously provided him with counsel, it denied him the choice whether to have counsel or proceed *pro se.* It is that choice that must be accorded at a retrial, if the State exercises its option to retry the petitioner.

The motion to recall and clarify the mandate is denied.