**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State of South Carolina, Petitioner,

v.

Steven Louis Barnes, Respondent.

Appellate Case No. 2014-001966

---

**IN THE ORIGINAL JURISDICTION**

---

On Writ of Certiorari to Edgefield County
Diane S. Goodstein, Circuit Court Judge

---

Opinion No. 27538
Heard April 8, 2015 – Filed July 1, 2015

---

**AFFIRMED**

---

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Donald J. Zelenka and Senior
Assistant Attorney General Melody Jane Brown, all of
Columbia; and Solicitor Donald V. Myers, of Lexington,
for Petitioner.

Jeffrey P. Bloom; and Chief Attorney William Sean
McGuire and Staff Attorney Emily Therese Kuchar, both
of Capital Trial Division of SC Commission on Indigent
Defense, all of Columbia, for Respondent.

**JUSTICE PLEICONES:** We granted the State's request for a common law writ of certiorari to review a pretrial circuit court order in this capital retrial proceeding. We affirm the circuit court's order.

Respondent's first capital conviction and sentence were reversed on appeal because he was denied his constitutional right to represent himself at trial. *State v. Barnes*, 407 S.C. 27, 753 S.E.2d 545 (2014); *see Faretta v. California*, 422 U.S. 806 (1975). In *Barnes*, the Court declined to adopt the heightened competency standard for a defendant who seeks to represent himself which is permitted, but not required, by *Indiana v. Edwards*, 554 U.S. 164 (2008). Since the *Edwards* standard had been applied by the circuit judge, the Court held it was "constrained to reverse" respondent's conviction and sentence. *Id*. at 37, 753 S.E.2d at 550.

The State plans to retry respondent, and has indicated it will again seek the death penalty. Respondent sought the appointment of counsel to represent him in these new proceedings. At the appointment hearing, the State argued that in seeking representation for the retrial, respondent essentially conceded that his prior conviction was constitutionally obtained. The State contended that in light of this concession, respondent's original conviction and sentence should be reinstated and this Court should proceed to review the issues raised but not reached in the first appeal.[1] The circuit court denied the State's request.

---

[1] The dissent does not address the State's argument, reasoning instead that "Respondent has waived his right to counsel in his second trial . . . ." From this waiver finding, the dissent concludes not that respondent must proceed *pro se* at this retrial, but rather that the waiver should result in the reinstatement of his first conviction. Thus, the dissent would not accord respondent a review of the non-*Faretta* issues raised in his first appeal, a review that even the State recognizes is appropriate. The dissent's position rests not upon any constitutional or procedural basis, but instead upon its characterization of respondent's motives as "an effort to manipulate the system and pollute the administration of justice." Even if we believe that a criminal defendant's exercise of his constitutional rights stem from impure motives, that motivation alone is not a basis to deny him these rights. Further, while it is unethical for an attorney to engage in conduct which tends to pollute the administration of justice (Rule 7(a)(5), Rule 413, SCACR), we are unaware that this principle applies to a criminal defendant.

## ISSUE

Must this Court reconsider its decision in *State v. Barnes*, 407 S.C. 27, 753 S.E.2d 545 (2014), in light of respondent's request for counsel in his second trial?

## ANALYSIS

The State argues that by requesting counsel at a pretrial hearing, respondent has conceded that there was no constitutional infirmity in his first trial. Before addressing the merits of his claim, we look first at the procedural hurdle which the State must clear.

In order to effect a review of respondent's first appeal, this Court would need to recall the remittitur from the circuit court. "In order to justify this court in exercising the unusual power of recalling the *remittitur* after it has been sent down, a very strong showing would be required that the *remittitur* was sent down through some mistake or inadvertence on the part of this court or its officer . . . ." *State v. Keels*, 39 S.C. 553, 17 S.E. 802 (1893). The State cites no authority, and we are aware of none, that permits the remittitur to be recalled, not because of an error or inadvertence on the part of the Supreme Court, but rather because of post-remittitur conduct by a party. Accordingly, we do not believe that even if we were to find merit to the State's position, that we would be empowered to grant the relief it seeks. *See also Earle v. City of Greenville*, 84 S.C. 193, 65 S.E. 1050 (1909).[2] As explained below, we find no authority supporting the State's position in this matter.[3]

---

[2] "[W]hen points arising in a case before this Court have been decided, they become *res judicata*, and, when the remittitur has been sent down, this Court loses jurisdiction, and cannot, therefore, in the further progress of the case, render a different decision upon the points decided, so as to affect the particular case in which the decision was rendered." *Id*. at 196, 65 S.E. at 1051.

[3] Even if we were to find merit to the State's position, the issue would not be ripe. Respondent's right to self-representation is a *trial right*, and one that he may seek to exercise under state law at any time up until that trial commences. *See State v. Winkler*, 388 S.C. 574, 698 S.E.2d 596 (2010). *See McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984) (The "core" of the right to self-representation is the defendant's right "to preserve actual control over the case he chooses to present to the jury.").

The State relies upon three decisions to support its contention that respondent's original conviction should be reinstated, and the appellate issues not reached in the appeal be considered now, if he persists in seeking counsel at his second proceeding: *United States v. Johnson*, 223 F.3d 665 (7th Cir. 2000); *Edwards v. Commonwealth*, 644 S.E.2d 396 (Va. Ct. App. 2007); and *People v. Carson*, 104 P.3d 837 (Cal. 2005). Read correctly, none of these decisions provide authority for the State's position.

In *Johnson*, the question on appeal was whether the defendant waived his right to represent himself at trial. The court held the defendant "acquiesced in the denial by judicial inaction of his motion and thereby deliberately relinquished his right of self-representation." *Johnson*, 223 F.3d at 669. Despite finding waiver, the opinion goes on in *obiter dictum*:

> We add that as he has made no representation that if we order a new trial he will persist in his desire to represent himself, his claim that his right of self-representation was infringed **may** be moot, as well as having no merit for the reasons just indicated. For if as we expect he would be represented by lawyers at any new trial, he would not have vindicated the right of self-representation upon which he premises his appeal from the denial of that right. **The point is not that at a subsequent trial he would be estopped to invoke his right to counsel, an argument rejected in the only cases to have considered the issue.** *United States v. McKinley*, 58 F.3d 1475, 1483 (10th Cir. 1995); *Johnstone v. Kelly*, 812 F.2d 821 (2d Cir. 1987) (per curiam). The point is rather that if he wants on remand exactly what he had in his first trial, namely representation by competent lawyers, it is difficult to understand what he lost by the denial of his motion: he had at the first trial what he wants at the second. (emphasis supplied).

*Id*.

---

That respondent seeks attorneys at this juncture, attorneys who have access to witnesses, investigators, discovery, law libraries, and other resources, does not mean that he will not choose to exercise his constitutional right to proceed *pro se* at the next trial.

While this dicta merely speculates about the consequences had the court found the defendant was entitled to a new trial, it also recognizes that precedent is squarely against the position now espoused by the State. *See United States v. McKinley*, *supra*; *Johnstone v. Kelly*, *supra*; *see also United States v. Kennard*, 799 F.2d 556, 557 (9th Cir. 1986) ("We reject the government's contention that, once a waiver of counsel has been given, a defendant is forever precluded from asking for an attorney in a later proceeding"); *Buhl v. Cooksey*, 233 F.3d 783, 807 fn.25 (3rd Cir. 2000); *State v. Figueroa*, 897 A.2d 1050, 1053 (N.J. 2006) (and cases cited therein). The State nowhere addresses *McKinley* or *Johnstone*, despite the fact that the dicta it relies upon in *Johnson* expressly acknowledges them.

The State's reliance on the Virginia Court of Appeals' decision in *Edwards v. Commonwealth*, *supra*, is also misplaced. The *Edwards* court **remanded** the case to the trial court for reconsideration of the defendant's *Faretta* request. The court indicated that if on remand the defendant withdrew his *Faretta* request, no retrial would be necessary. This is only logical since the trial court was being asked to make an initial *Faretta* determination. This decision cites the dicta from *Johnson*, *supra*, for the proposition that the defendant must persist in his *Faretta* request on *remand* or have his conviction reinstated. This Court, however, did not remand respondent's first appeal, but rather decided the merits of his *Faretta* issue, agreed with respondent, and reversed his conviction and sentence, leaving the State to decide whether to retry him. Finally, the issue in *People v. Carson*, *supra*, was whether the trial court erred in terminating the defendant's self-representation because of the defendant's pre-trial out-of-court conduct. *Carson* reversed the trial court's order, but instructed the trial court to hold another hearing to determine if the defendant's *Faretta* rights had been properly terminated. If they were found to have been, the judgment was to be reinstated, but if not, the State could retry him. In our view, *Carson* adds nothing to the State's contention that at a second trial respondent must proceed *pro se* or have his first appeal reinstated and the non-*Faretta* issues decided. If relevant at all, *Carson* holds that a *Faretta* violation mandates reversal of a criminal defendant's conviction.

The State relies on appellate decisions that **remanded** the question of the defendant's waiver of his right to counsel to the trial court for reconsideration. It is apparent to us that the State now regrets that in respondent's first appeal it chose to argue only that the trial court's adoption and application of the standard announced in *Edwards*, *supra*, was correct, rather than to ask in the alternative for a remand if the Court were not to adopt *Edwards*. The State did not seek this alternative relief, we decided the appeal on its merits, and properly returned the remittitur to the

circuit court. Respondent is entitled to the new trial, with all its attendant constitutional rights, pursuant to our decision in his first appeal.

We also note with concern the implication of the State's argument. The State's position is that the erroneous denial of a defendant's sixth amendment right to self-representation at the first proceeding results in that defendant having a diminished sixth amendment right in a second trial. In other words, the State seeks to punish the defendant whose constitutional rights have been violated, a concept that is contrary to both justice and common sense. Finally, it appears that the State's argument is an attempt to introduce a prejudice component into what is admittedly a structural error. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150-51 (2006) (prejudice is irrelevant when the constitutional right to self-representation is violated). As the Supreme Court explained "[s]ince the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless." *McKaskle*, 465 U.S. at 177, fn. 8. To the extent the State's argument can be characterized as "no harm, no foul," it conflicts with the United States Supreme Court's pronouncements on the sanctity of an individual's sixth amendment right to counsel/right to self-representation.

## CONCLUSION

For the reasons given above, the circuit court's ruling is

**AFFIRMED**.

**BEATTY and HEARN, JJ., concur. KITTREDGE, J. concurring in result only. TOAL, C.J., dissenting in a separate opinion.**

**CHIEF JUSTICE TOAL:**    I respectfully dissent.  I would find that Respondent waived his right to insist on counsel by arguing and obtaining a ruling that he was deprived of his right to represent himself in his first trial.  In my opinion, such waiver should be assessed on a case-by-case basis; however, the facts of this case warrant a finding of waiver.

Here, Respondent has already received a full and fair trial.  However, in his initial trial, Respondent took the position that he desired to represent himself. Pursuant to *Indiana v. Edwards*,[4] the trial judge decided that Respondent was not capable of representing himself because of his lack of understanding of the complexities inherent in a death penalty case. We reversed on appeal, finding the judge erred in applying the *Edwards* competency standard to Respondent's request to waive his right of counsel and proceed pro se.  *See State v. Barnes*, 407 S.C. 27, 37, 753 S.E.2d 545, 550 (2014).

Now that he has been granted a new trial on this basis, Respondent is requesting counsel.  In my opinion, he cannot have it both ways.  Therefore, I would find that Respondent has waived his right to counsel in his second trial because he already had a trial where he was represented by counsel. *See Barnes*, 407 S.C. at 35, 753 S.E.2d at 550 ("A South Carolina criminal defendant has the constitutional right to represent himself under both the federal and state constitutions. A capital defendant, like any other criminal defendant, may waive his right to counsel. So long as the defendant makes his request prior to trial, the only proper inquiry is that mandated by *Faretta* [*v. California*, 422 U.S. 806 (1975)]."  (internal footnote omitted) (internal citations omitted)).  Respondent's conduct here should be examined for what it is: an effort to manipulate the system and pollute the administration of justice.

For these reasons, I would reinstate Respondent's prior conviction.

---

[4] 554 U.S. 164 (2008).