# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Steven Louis Barnes, Petitioner.

Appellate Case No. 2020-001230

———————————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————————

Appeal from Edgefield County
Diane Schafer Goodstein, Circuit Court Judge

———————————

Opinion No. 28081
Submitted December 10, 2021 – Filed February 2, 2022

———————————

## AFFIRMED AS MODIFIED

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Samuel R. Hubbard III, of Lexington, all for Respondent.

———————————

**PER CURIAM:** Steven Barnes killed Samuel Sturrup on September 3, 2001. In 2010, a jury convicted Barnes of murder and sentenced him to death. In 2014, this Court reversed his convictions. *State v. Barnes*, 407 S.C. 27, 753 S.E.2d 545 (2014). On remand, the State continued to seek the death penalty. *See State v. Barnes*, 413 S.C. 1, 3, 774 S.E.2d 454, 455 (2015) (*Barnes II*) (considering an interlocutory petition as to Barnes' right to counsel). Eventually, however, the State dismissed the death notice and set his case for trial. Barnes filed a pre-trial motion to dismiss, alleging his right to a speedy trial was violated. The trial court denied the motion. A jury convicted Barnes of murder again in 2017, and the trial court sentenced him to life in prison.

In a thorough opinion, the court of appeals affirmed the trial court's denial of Barnes' speedy trial motion. *State v. Barnes*, 431 S.C. 66, 91, 846 S.E.2d 389, 402 (Ct. App. 2020) (*Barnes III*). The court of appeals conducted a lengthy analysis of the factors the Supreme Court of the United States identified for consideration of a speedy trial claim in *Barker v. Wingo*, 407 U.S. 514, 530-32, 92 S. Ct. 2182, 2192-93, 33 L. Ed. 2d 101, 117-18 (1972), and which this Court repeatedly uses to analyze claims of a speedy trial violation, *see, e.g.*, *State v. Hunsberger*, 418 S.C. 335, 343, 794 S.E.2d 368, 372 (2016) (discussing the four *Barker* factors); *State v. Foster*, 260 S.C. 511, 513-14, 197 S.E.2d 280, 281 (1973) (same). *Barnes III*, 431 S.C. at 80-91, 846 S.E.2d at 396-402. While we agree with the court of appeals' analysis and ultimate decision to affirm, we grant certiorari to address one narrow point in the court of appeals' discussion of the second factor—the reason for the delay. We dispense with briefing and affirm as modified.

Analyzing the second factor, courts evaluate the reason for each specific period of delay and determine whether the reason weighs against the State, should be considered as "neutral" or "valid," or weighs against the defendant. *See Hunsberger*, 418 S.C. at 346, 794 S.E.2d at 374 (explaining "justifications for delay in trying a defendant are weighted differently: (1) a deliberate attempt to delay trial as a means to hamper the defense weighs heavily against the State; (2) negligence or overcrowded dockets weigh less heavily against the State, but are ultimately its responsibility; (3) a valid reason, such as a missing witness, justifies an appropriate delay; and (4) delays occasioned by the accused weigh against him" (citation omitted)); *see also Barker*, 407 U.S. at 531, 92 S. Ct. at 2192, 33 L. Ed. 2d at 117 (explaining "different weights should be assigned to different reasons. A deliberate attempt to delay . . . should be weighted heavily against the government. A more neutral reason . . . should be weighted less heavily but nevertheless should be

considered . . . . Finally, a valid reason . . . should serve to justify appropriate delay" (footnote omitted)).

In this case, we focus solely on one specific period of delay the court of appeals weighed against Barnes. One of Barnes' two attorneys—William McGuire—was given an order of protection by this Court from December 2015 until December 2016 due to his ongoing participation in another high-profile criminal trial.[1] Evaluating the reason for this specific period of delay, the court of appeals stated,

> Therefore, despite being prepared for trial, the State could not proceed with Barnes's trial because Barnes chose to continue retention of counsel who he knew was subject to an order of protection. While we acknowledge that Barnes was entitled to retain counsel of his choice, this decision and the resulting delay cannot be properly attributed to the State. Consequently, the delay cannot be characterized as neutral and must be attributed to Barnes.

*Barnes III*, 431 S.C. at 86, 846 S.E.2d at 399.

While we agree with the court of appeals that this period of delay should not be attributed to the State, we do not agree it "must be attributed to Barnes." McGuire did not fail to act on Barnes' behalf;[2] rather, he was under an order of protection that

---

[1] The "high-profile" case was *United States v. Dylann Storm Roof*, 2:15-CR-472-RMG (D.S.C. July 22, 2015), in which the United States tried the defendant under the Federal Death Penalty Act in December 2016 for the June 2015 murders of nine members of the historic Emanuel African Methodist Episcopal Church in Charleston, commonly referred to as "Mother Emanuel." *See United States v. Roof*, 10 F.4th 314 (4th Cir. 2021). The dates of the order of protection extended from the remand date in *Barnes II* to the day after the *Roof* trial ended in United States District Court.

[2] The Supreme Court has weighed delays caused by a defendant's counsel against the defendant based on the reasoning "the attorney is the [defendant's] agent when acting, or failing to act, in furtherance of the litigation." *Vermont v. Brillon*, 556 U.S. 81, 91-92, 129 S. Ct. 1283, 1290-91, 173 L. Ed. 2d 231, 1240 (2009) (alteration

authorized him to focus on his representation of another client, presumably so the other client's case could be brought to trial in a timely manner. Additionally, during this period the State was still seeking the death penalty against Barnes. The State did not withdraw its notice of intent to seek the death penalty until July 2017. Barnes was entitled to keep his lawyer, even though doing so delayed his trial. This specific period of delay should be weighed as neutral or valid.

This does not change the outcome of the speedy trial analysis. We affirm the court of appeals' decision as modified.

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566-67, 115 L. Ed. 2d 640, 671 (1991)).