## 10072

### STONE v. CITY OF GREENVILLE.

#### (96 S. E. 520.)

1. APPEAL AND ERROR—INVITED ERROR.—Defendant city, which, on application for order requiring city council to appoint commissioners to assess damages alleged to have been done to plaintiff's lot by raising grade of abutting street, made question whether plaintiff's lot was damaged an issue by its answer, cannot complain of Court finding that plaintiff's lot was damaged; it having invited such finding.

2. APPEAL AND ERROR—FINDING—PREJUDICIAL ERROR. — On application for order requiring city council to appoint commissioners to assess damages alleged to have been done to plaintiff's lot by raising grade of abutting street, a Court finding that plaintiff's lot was damaged, being a *prima facie* finding, was without prejudice to the city.

3. MUNICIPAL CORPORATIONS — CHANGING GRADE OF STREET — LIABILITY FOR DAMAGES.—In the absence of statute, a city is not liable for damages to property due to change of grade of abutting street.

4. MUNICIPAL CORPORATIONS — CHANGING GRADE OF STREET — LIABILITY FOR DAMAGES.—Under Civ. Code 1912, sec. 2926, as to cities having authority to lay out, open, close, and widen streets, or otherwise alter those in use, provided that they shall first pay damages, a city is liable for damages resulting to abutting property from change of grade of street; the words "otherwise alter" not referring only to alteration of the same general nature as those described by the words "lay out," "open," "close," and "widen."

5. STATUTES—CONSTRUCTION—GENERAL AND SPECIFIC WORDS.—The rule of *ejusdem generis* cannot be invoked in the construction of Civ. Code 1912, sec. 2926, as to cities having authority to lay out, open, close, and widen streets, or otherwise alter those in use, the specific words "lay out," "open," "close," and "widen" not all being of the same general nature.

Before MAULDIN, J., Greenville, Summer term, 1917. Affirmed.

Proceeding by Lena W. Stone against the City of Greenville. From an order requiring the city council to appoint commissioners to assess the damages alleged to have been done to plaintiff's lot by raising the grade of a street upon which it abuts, the city appeals.

*Mr. Oscar Hodges,* for appellant, submits: *Is the city of Greenville liable under section 2926, vol. I, Code of 1912,*

*for damages for altering the grade of a street?* 53 S. C.
575; 58 S. C. 60; 77 S. C. 281; 53 S. C. 82; 43 Minn. 444;
45 N. W. 721; 78 Pacific 204; 3 Pacific Rep. 527; 72 Wis.
637; 40 N. W. 381; 61 S. E. 5. *That the Circuit Judge
erred in holding that the respondent had sustained damages
by reason of the alteration of the grade of the street:* 88 S.
C. 110.

*Messrs. R. G. Stone* and *Adam C. Welborn,* for respond-
ent. *Mr. Welborn* submits: *This Court has held in several
cases that the city of Greenville is liable for damages for
similar alterations:* 53 S. C. 82; 53 S. C. 579; 64 S. C. 455;
80 S. C. 321; 84 S. C. 193; 88 S. C. 110; 64 S. C. 438; 64
S. C. 444; Code of 1912, vol. I, sec. 2926. *The doctrine of
ejusdem generis does not control this case:* 88 S. C. 456; 2
Strob. 474; 59 S. C. 225; 79 S. C. 87. *As to the meaning
of the word "otherwise."* Barclay's Dictionary, published
in 1812; Webster's Unabridged, published in 1890; Collier's
Dictionary, 4th vol., Ed. Royal (1898); Webster's Inter-
national Dictionary (1908). *Respondent's property has
been damaged:* 47 S. C. 476; 38 S. C. 308; 59 S. C. 371;
80 S. C. 321; 88 S. C. 110.

August 15, 1918.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

This appeal is from an order requiring the city council to
appoint commissioners to assess the damages alleged to have
been done to plaintiff's lot by raising the grade of the street
upon which it abuts. The city council resisted plaintiff's
application for the order on the grounds: (1) That no dam-
age had been done; and (2) that, if so, the city was not
liable for damages caused adjacent lot owners by changing
the grade of a street.

The Court found from the testimony that plaintiff's lot
had been damaged, and held that defendant was liable, under

the statute, to make compensation therefor, and granted the order prayed for. Defendant cannot complain of the finding that plaintiff's lot was damaged, because it made that fact an issue by its answer, and invited such finding. Moreover, defendant is not prejudiced thereby, because the finding is only *prima facie*. The Court expressly refrained from expressing any opinion as to the character, extent or amount of the damages, leaving that to the determination of the commissioners.

The main question is whether the city is liable for such damages. The answer depends upon whether there is any statute requiring compensation in such cases, for it is settled that, in the absence of such statute, a city is not liable for such damages. *Bramlett v. Greenville,* 88 S. C. 110, 70 S. E. 450, and cases cited. Section 2926, vol. I, Civil Code 1912, provides that: The city shall have authority "to lay out and open new streets, * * * and to close up, widen, or otherwise alter those now in use, * * * provided, that they shall first pay damages, should any be claimed, to the landowner or owners through whose premises such street or streets may run," etc.

Defendant invokes the rule of *ejusdem generis* in the construction of the statute, and contends that, under that principle, the words "otherwise alter" should not be construed to include a change in grade, but to refer only to such alterations as are of the same general nature as those described in the preceding specific words, "lay out," "open," "close" and "widen." But the specific words are not themselves all of the same general nature. They are descriptive of widely different things which the city is authorized to do with respect to its streets. To "open" and "close" streets are the opposite of each other, and to 'widen" a street is different from either. Therefore the rule invoked is not applicable. It applies "only where the specific words are all of the same general nature. Where they are of different genera, the meaning word remains unaffected by its

connection with them." End. Int. Stat., sec. 409. And in *State v. Holman,* 3 McCord, 306, it was said that the rule does not apply, except where there is some repugnance or incompatibility between the specific and general expressions. See, also, *State v. Williams,* 2 Strob. 474, where the application of the rule is discussed. In *Water Co. v. City,* 53 S. C. 82, 88, 30 S. E. 699, 701, in construing a statute somewhat, though not precisely, similar to this the Court said:

"If the word 'alter' is construed as having reference to a change in the grade of the street, effect can be given to all the words of the section; while, on the other hand, if it is interpreted as relating to course or direction, then it is ineffectual, as the words 'lay out,' 'adopt,' 'widen,' 'open' and 'close' are sufficiently broad to cover every case involving course or direction."

And in that case and several subsequent cases the word "alter" was construed to include damages caused by a change in the grade of streets. That case was decided in 1898. The statute now under consideration was enacted three years later, in 1901; and we must assume the legislature knew the interpretation that had previously been given the word "alter," and used it designedly in the sense that had been given to it by the Court. We conclude, therefore, that the words "otherwise alter" should be interpreted as intended to compass alterations different in kind from those specified in the previous words, rather than those of the same kind. This intention seems clear also from the meaning of the word "otherwise," which is defined by Webster to mean "in a different manner; in another way, or in other ways; differently, contrarily."

Judgment affirmed.