## 17413

Emma H. DOLAN, Appellant, v. The CITY OF CAMDEN and Kershaw County, Respondent, of whom City of Camden is also Appellant.

(103 S. E. (2d) 328)

2

*Messrs. J. Clator Arrants,* of Camden, *for Appellant, Emma H. Dolan,* and *Harold W. Funderburk,* of Camden, *for Appellant, The City of Camden,*

*John K. DeLoach, Jr., Esq.,* of Camden, *for Respondent, Kershaw County,*

April 16, 1958.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Kershaw County by appellant, Emma H. Dolan, for damages allegedly suffered by her personally by reason of a defect in a street in the City of Camden.

The street in question was at the time being prepared for paving by the personnel and equipment of respondent, Ker-

shaw County, under a contract between said County and the South Carolina Highway Department. Demurrers were filed by the Highway Department and the City of Camden, and Kershaw County moved that it be dismissed as party-defendant. The matter was heard by the Honorable J. B. Pruitt, presiding Judge, who sustained the demurrer of the South Carolina Highway Department, granted the motion of Kershaw County that it be dismissed as party-defendant, and overruled the demurrer of the City of Camden. No appeal was taken from the Order sustaining the demurrer of the South Carolina Highway Department; and this appeal, on behalf of the City of Camden, is from the Order overruling its demurrer and the Order dismissing the defendant Kershaw County as party-defendant with plaintiff joining in the appeal with respect to the Order dismissing Kershaw County.

The State and its political subdivisions waived immunity from suit enjoyed by the sovereign and permits recovery of damages arising out of defective highways under their respective control: The State, Section 33-229, Code of Laws of South Carolina, 1952; the County, Section 33-921, Code of Laws of South Carolina, 1952; and the City, Section 47-70, Code of Laws of South Carolina, 1952. However, Section 33-174, Code of Laws of South Carolina, 1952, provides:

"The performance of work within a municipality by the Department shall not result in the assumption by the Department of any liability whatever on account of damages to property, injuries to persons, or death growing out of or in any way connected with such work. None of the provisions of article 6 of this chapter relating to damage claims shall apply to sections of State highways within the corporate limits of municipalities except § 33-234."

Section 33-234, Code of Laws of South Carolina, 1952, provides:

"Any person suffering damage to property or injuries or death by reason of the construction, reconstruction or main-

tenance of any highway or section of highway, as provided in §§ 33-112 and 33-171, within the limits of any municipality of the State shall have such right of action against the municipality in which such damages, injuries or death may be suffered as is provided by law applicable to municipalities and the remedy thus afforded shall be exclusive. * * *"

From the foregoing it is clear that the Legislature specifically preserved the State's immunity from suits arising out of construction, reconstruction or maintenance by the State Highway Department of any State Highway within a municipality and at the same time provided that any person suffering damage by reason of such construction shall have a right of action against the municipality. All work of construction, reconstruction, and maintenance by the Highway Department upon any section of a State Highway within the limits of a municipality is performed with the consent and approval of the proper municipal authorities and in no way relieves the municipality of the fundamental responsibility to keep such streets or highways within their limits safe and free from obstruction, *Bell v. South Carolina State Highway Department,* 204 S. C. 462, 30 S. E. (2d) 65, and "* * * municipalities which have full and complete control over the streets and highways within their corporate limits are liable in damages for injuries sustained in consequence of their failure to use reasonable care to keep them in a reasonably safe condition for public travel." *Terrell v. City of Orangeburg,* 176 S. C. 518, 180 S. E. 670, 672; see also Thompson on Negligence, Section 5956, Page 423; and McQuillan on Municipal Corporations, Vol. 19, Section 54.177.

At the time of injury the work was being performed by respondent, Kershaw County, under an agreement entitled "Agreement for Construction of Secondary State Highways by Kershaw County," (under Section 33-165, Code of Laws of South Carolina, 1952) which provides for:

"* * * the State Highway Department to contract with any of the counties of the State for the construction

and improvement of any farm-to-market roads in the State Highway Secondary Construction Program; provided, the cost of such work is not greater than the cost of similar work performed by contract or by the State Highway Department's forces, * * *"

The original contract provided for grading and bituminous surfacing of 2.64 miles outside of but adjacent to the City of Camden and further provided that:

"4. That no surety bond will be required in this case, but the governing board shall erect the necessary barriers and warning signs for the protection of traffic and shall assume all liability the Department might otherwise have in connection with accidents or damage arising from the work herein authorized."

By way of agreement between the Highway Department and the Kershaw County Governing Board, the contract was extended to include the construction of an additional section, from U. S. Route 1 to Haile Street in the City of Camden, this being the portion with which this appeal is concerned, and this agreement provided, among other things, that:

"This additional work is to be performed by the Kershaw County Governing Board in accordance with the terms of the original contract on the above numbered docket (Docket No. 28.335), and payment for this work by the Department will be made at the same unit prices."

We are of opinion that under the circumstances herein related the Legislature through the Act heretofore referred to did not consider the County as a contractor within the ordinary meaning of the term but as an arm or agent of the State; that all exceptions should be dismissed and the Order appealed from affirmed; and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.