17670

J. H. MOSELEY, Respondent, v. SOUTH CAROLINA HIGHWAY DEPARTMENT, Appellant

(115 S. E. (2d) 172)

500

*Messrs. Daniel R. McLeod, Attorney General,* and *J. C. Coleman, Jr., Assistant Attorney General,* of Columbia, *for Appellant,*

*Messrs. Boyd, Bruton & Lumpkin,* of Columbia, and *Stuckey & Stuckey,* of Bishopville, *for Respondent,*

*Messrs. Daniel R. McLeod, Attorney General,* and *J. C. Coleman, Jr., Assistant Attorney General,* of Columbia, *for Appellant, in Reply,*

June 14, 1960.

Oxner, Justice.

The question presented may be briefly stated as follows: Is the State Highway Department exempt from liability for compensation where in the course of constructing or improv-

ing a state highway within a municipality, it takes private property for public use? The Court below held that it was not exempt. On this appeal, the Department contends that the sole liability for damages sustained by the landowner rests under the statute upon the municipality.

Plaintiff, the owner of a lot of land in the town of McBee, upon which a hotel is located, brought this action against the State Highway Department to recover damages alleged to have resulted from certain street improvements made in this municipality. The Highway Department and the town of McBee entered into an agreement under which the former agreed to improve and pave certain streets within the town constituting a part of the State Highway System. Plaintiff alleged that in making these improvements, the streets in front of his hotel were elevated, causing surface water, after each heavy rainfall, to be cast upon his property. The plans and specifications for this project were prepared by the Highway Department but approved by the town of McBee. The actual work was done by the Highway Department through a private contractor.

In its answer, the Highway Department denied that plaintiff sustained any damages as a result of said improvements. It further alleged that under the statute and the contract made with the town of McBee, the Town assumed any and all liability arising out of these street improvements and, therefore, an action could only be maintained against the Town.

After issues were joined, the town of McBee was made party defendant and duly filed an answer in which it deed that the plaintiff had sustained any damage by its acts r those of the Highway Department. Subsequently, the Highway Department moved to dismiss the action as to it apon the ground that it was "not subject to suit for damages arising out of the construction of a state highway within the limits of any municipality of the State." From an order denying this motion, this appeal is taken.

It seems to be conceded, and properly so under *Chick Springs Water Co. v. State Highway Department,* 159 S. C. 481, 157 S. E. 842, and *Milhous v. State Highway Department,* 194 S. C. 33, 8 S. E. (2d) 852, 128 A. L. R. 1186, that the allegations in the complaint are sufficient to charge a taking of private property for public use within the meaning of Article 1, Section 17 of the Constitution. But the Highway Department contends that under Sections 33-173, 174 and 234 of the 1952 Code, the liability for any compensation rests solely upon the town of McBee.

The foregoing code sections were taken from Act No. 329 of the Acts of 1951, 47 St. at L. 457, wherein the General Assembly undertook to recodify the law relating to the State Highway Department. This Act is quite comprehensive. We are only concerned with that portion relating to state highways within the corporate limits of municipalities which will be found in Section 57 of this Act. In subdivisions (a) and (b) of this section the Highway Department is authorized to construct and maintain state highways lying within the corporate limits of municipalities. Subdivision (c) is as follows:

"It is hereby declared to be the purpose of this section to extend the benefits of state highway service to include sections of state highways extending into and through municipalities and to authorize the State Highway Department to construct, reconstruct and maintain at its own cost all state highways and sections of state highways within the limits of municipalities subject to the provisions of this section and other laws pertaining to state highways, but this Act shall not prevent a municipality from undertaking any improvements or performing any maintenance work on state highways in addition to what the State Highway Department is able to undertake with the available funds. All work to be performed by the Department on state highways within a municipality shall be with the consent and approval of the proper municipal authorities and shall not result in the assumption by the said Department of any liability whatever

on account of damages to property, injuries to persons or death growing out of or in any way connected with the said work. The provisions of Section 84 relating to damage claims shall not apply to sections of State highways within the corporate limits of municipalities. In every case of a proposed permanent improvement, construction, reconstruction, or alteration by the State Highway Department of any highway, or highway facility, within a municipality, the municipality shall have the right to review and approve the plans thereof before the work is started and such approval by the municipality shall be understood to mean that the municipality thereby assumes any and all liability which the State Highway Department might otherwise have as a result of damage to property or persons resulting from the said improvements, construction, reconstruction, or alteration carried out in accordance with the plans approved by the said municipality. Likewise, a municipality may not alter any state highway facility without the approval of the State Highway Department, and any use made by the city of the highway or highway right of way for city utilities, or for other purposes, shall be subject to approval of the State Highway Department."

Subdivision (d) permits any person suffering damages by reason of the construction and maintenance of any state highway within a municipality to bring suit against such municipality but limits recovery in the case of property damage to $1,500.00 and in the case of personal injury or death to $4,000.00. It is further stated in this subdivision that "the remedy thus afforded shall be exclusive."

The terms of subdivision (c) are now embodied in Sections 112, 172, 173, 174 and 175 of Title 33 of the 1952 Code. Subdivision (d) now forms Section 33-234 of this Code.

It seems clear that Section 33-234 refers only to ordinary tort actions and is not applicable to a person seeking compensation under the Constitution for a taking of his property

by the State. A similar statute was so construed in *Chick Springs Water Co. v. State Highway Department, supra,* 159 S. C. 481, 157 S. E. 842. It was also there held that Article I, Section 17 of the Constitution is self-executing and the right to compensation therein given may not be taken away or restricted by the Legislature.

The construction of Sections 33-173 and 174 presents more difficulty. Respondent argues that these sections also only apply to liability in ordinary tort actions. But we think that when Section 57(c) of Act No. 329 of the Acts of 1951 is considered in its entirety and in conjunction with Act No. 787 of the Acts of 1930, 36 St. at L. 1321, the language used is broad enough to include liability of any kind growing out of the construction and maintenance of state highways within the corporate limits of a municipality. Under the terms of Act No. 787 above mentioned, the corporate authorities of a municipality are given the right to review the plans of the Highway Department before the work is initiated. It is further provided that when the State Highway Department constructs or improves State highways within the limits of such municipality, "the responsibility and liability for damages to property resulting from the said improvement" shall rest upon the Town, and the Highway Department is "relieved of all such responsibility and liability on account of property damages incident to the improvement of state highways within the limits of incorporated towns." While this Act was expressly repealed by Act No. 329 of the 1951 Acts, much of its substance is contained in that provision in Section 57(c) to the effect that the approval by the municipality of the plans of the Highway Department for a proposed improvement or construction "shall be understood to mean that the municipality thereby assumes any and all liability which the State Highway Department might otherwise have as a result of damage to property or persons resulting from the said improvements, construction, reconstruction, or alteration carried out in accordance with the plans approved by the

said municipality." We think the liability thus assumed includes the payment of any compensation required by the Constitution.

But we do not construe this Act as relieving the Highway Department of liability for its acts in taking private property for a public use. The word "assumption" there used presupposes original liability of the Highway Department. It was only sought to fix the liability of these two departments of the government *inter sese*. Under the terms of Section 57 of the 1951 Act, the construction and maintenance of state highways within a municipality is made a joint undertaking by such municipality and the State Highway Department. In the case of a taking under the Constitution as the result of such joint undertaking, both are liable to the landowner for compensation, but as between the municipality and the Highway Department the ultimate liability is that of the former. Upon payment of compensation, the Highway Department is entitled to reimbursement from the municipality. Of course, if property is taken solely through the acts of the municipality, it alone is liable.

The foregoing conclusion is substantially in accord with that reached by the Supreme Court of Georgia in construing legislation similar in some respects. The statutes of that State provided, in effect, that when the Highway Department took over and assumed jurisdiction of any county road it was required to defend all suits and be responsible for all damages awarded against a county and in the event the county was sued for taking and damaging private property, it had a right to vouch the State Highway Department to defend said suit. In holding that these statutes did not relieve the county of liability to the landowner, the Court in *Taylor v. Richmond County,* 185 Ga. 610, 196 S. E. 37, 39, said: "The state-aid roads, provided for by the act of 1919, *supra,* and its amendments are beneficial to both the county and the State. The benefits to each are substantial and so related as to suggest to the legislative mind the propriety of bringing the county and State Highway Board into

a state of cooperation and responsibility of both as to third persons for the acts of either or both. Construing together the original act and the amendments, the liability of the county referred to is primary, and that of the State Highway Board is ultimate. As relates to damaging private property for public uses, the liabilities are joint, and the remedy against both is suit against the county in the local courts for the whole damage, with right of the county to vouch the State Highway Board into court in the manner expressed in the statute, by giving notice as therein provided; whereupon the State Highway Board is required to defend the action and be liable for all damages recovered against the county."

Section 57 (c) expressly states that Section 84 of that Act, Code 1952, § 33-229 *et seq.,* authorizing suit against the Highway Department to recover damages resulting from a defect in or the negligent repair of a state highway, shall not apply to highways within a municipality. There can be no doubt of the power of the Legislature to preserve the State's immunity from ordinary tort liability. But the Constitution gives consent to sue where there is a taking of private property for public use. No enabling legislation is necessary. When the Highway Department or any other agency of the State takes private property for public use, the right to bring suit for compensation immediately arises. It is contended, however, that the right of a landowner to compensation is not denied by the statute under consideration since he may proceed against the municipality. It is argued that there is no constitutional guaranty that the landowner "shall have multiple defendants against whom to proceed." It is doubtful whether the State can authorize one of its agencies or departments to take private property for public use, relieve it of liability and require the landowner to proceed against another agency or department to obtain compensation. However, this question need not now be decided, for we do not think under this statute the Legislature has undertaken to do so. On the contrary, as heretofore

pointed out, it is only sought to fix the liability as between the municipality and State Highway Department.

The order refusing to dismiss the Highway Department as a defendant is affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.