### 18099

Mary R. WILLIMON, Respondent, v. The CITY OF GREENVILLE *et al.*, Appellants

(132 S. E. (2d) 169)

*W. H. Arnold, Esq.*, of Greenville, *for Respondents-Appellants,*

*P. Bradley Morrah, Jr., Esq.*, of Greenville, *for Petitioner-Respondent,*

*W. H. Arnold, Esq.*, of Greenville, *for Respondents-Appellants*, in Reply,

July 16, 1963.

TAYLOR, Chief Justice.

This appeal is from a writ of mandamus issued by the Honorable James A. Spruill directing that the City of Greenville and its officers comply with Section 47-1327, Code of Laws of South Carolina, 1962.

Respondent, Mary R. Willimon, owns a tract of land at the intersection of Highway 276 and Highway 291 within the City of Greenville upon which is erected a filling station. At the time Respondent acquired this property, in November, 1947, said filling station had access to both north and southbound traffic from Highway 291 and east and westbound traffic from Highway 276. It is still accessible to westbound traffic from Highway 276, but is not accessible to eastbound traffic thereon by reason of a concrete median placed along the center of said highway. Respondent's property is also inaccessible to traffic from Highway 291 as the grade of Highway 291 has been lowered approximately 15 feet and a concrete retaining wall erected by the Highway Department along the Eastern boundary.

In 1940 when the property in question was owned by one of Respondent's predecessors in title, the South Carolina Highway Department condemned a strip approximately 20 feet in width and some 220 feet in depth along the eastern line of the property. At that time this property was not a part of the City of Greenville but was annexed to the City on January 1, 1949.

The Greenville City Council approved the reconstruction or alteration of Highway 291 as provided under Section 33-173, Code of Laws of South Carolina, 1962, and the Highway Department, while performing this reconstruction or alteration work commenced in 1961, stayed within the bounds of the right-of-way which it had acquired in 1940.

Respondent contends she is entitled to damages as provided under Section 47-1327 from the City of Greenville because the alteration and change in grade of Highway 291

was approved and directed by the City of Greenville through the South Carolina Highway Department. Prior to the commencement of this action, Respondent notified Appellants that she had suffered damage by reason of the alteration and requested that the City comply with the provision of Section 47-1327.

Appellants contended that they are not liable under Section 47-1327 as they assumed, under Section 33-173, Code of Laws of South Carolina, 1962, only such liability as the Highway Department might have had as the result of the alteration of Highway 291 and that the Highway Department is not subject to suit for such damages under Section 47-1327; and there being no liability against the Highway Department, the City could not assume something which did not exist. Further, it is contended that this property was subject to the right-of-way in favor of the Highway Department when it was acquired by Respondent and that any rights for damages were in Respondent's predecessor in title.

The writ of mandamus is the highest judicial writ known to the law and according to long approved and well established authorities only issues in cases where there is a specific legal right to be enforced or where there is a positive duty to be performed, and there is no other specific remedy. When the legal right is doubtful, or when the performance of the duty rests in discretion, or when there is other adequate remedy, a writ of mandamus cannot rightfully issue. *State ex rel. Port Royal Mining Company v. Hagood,* 30 S. C. 519, 9 S. E. 686, 3 L. R. A. 841; Ex Parte Mackey, 15 S. C. 322.

The primary purpose or function of a writ of mandamus is to enforce an established right, and to enforce a corresponding imperative duty created or imposed by law. It is designed to promote justice, subject to certain well-defined qualifications. Its principal function is to command and execute, and not to inquire and adjudicate; there-

fore, it is not the purpose of the writ to establish a legal right, but to enforce one which has already been established. 55 C. J. S., Mandamus, § 51, p. 85.

An applicant for a writ of mandamus to require performance of some act must show, first, a duty upon Respondent to perform the act; second, that the duty is ministerial in its character; third, that the applicant has a specific legal right for which the discharge of the duty is necessary; and, fourth, that he has no other legal remedy.

If doubt or uncertainty exists in the facts of the case, so that it does not appear clear that such facts entitle plaintiff to relief by mandate, under any valid law, the writ will not issue. But where the only doubt that clouds the issue consists in the construction of the staute which confers the right or imposes the duty, the writ will issue if the Court, after considering the law, concludes that it confers the right claimed or imposes the duty asserted; otherwise, it will be denied.

There appears to be no question that the use of Respondent's property for a filling station has been greatly impaired and its value as such substantially reduced. Assuming arguendo that the City is liable for such damages, then the writ of mandamus was properly issued by the lower Court as in that event it would be incumbent upon the City to perform the purely ministerial duty of appointing the two commissioners as required by Section 47-1327.

Therefore, the sole question before this Court is whether under the facts of this case the City of Greenville is liable under Section 47-1327 for damages to Respondent's property caused by the alteration or change in grade of the street abutting such property when all of the work was done by the State Highway Department with the City approving the plans therefor as provided by Section 33-173, Code of Laws of South Carolina, 1962.

Prior to the enactment of Act No. 329, Acts of 1951, 47 St. at L. 457, wherein the General Assembly recodified the law delating to the Highway Department, all construction, reconstruction, alteration or improvement of highways within municipalities was the responsibility of the municipality, with the exception of a limited amount of such work allowed under Section 5891, Code of Laws of South Carolina, 1942. Damages caused by construction, reconstruction, alteration, etc., by the municipality on City streets or State highways which extend into and through such municipalities is governed by the provisions of Section 47-1327, Code of Laws of South Carolina, 1962. The liability of the municipality has been held to be broader under this Section than that imposed by Article 1, Section 17, Constitution of South Carolina, 1895, under which the State or any of its departments is held liable to pay just compensation for the taking of private property for public use. Changing the grade of a street has been held not to be "a taking" of property under the Constitution. *Paris Mountain Water Supply Co. v. City Council of Greenville,* 53 S. C. 82, 30 S. E. 699; *Garraux v. City Council of Greenville,* 53 S. C. 575, 31 S. E. 597; *Gibson v. City Council of Greenville,* 64 S. C. 455, 42 S. E. 206; *Kendall v. City Council of Columbia,* 74 S. C. 539, 54 S. E. 777; *Stone v. City of Greenville,* 111 S. C. 78, 96 S. E. 520; *Bland v. City Council of Sumter,* 203 S. C. 392, 27 S. E. (2d) 498.

Where a City acting in its own behalf under the authority of Section 47-1327 Code of Laws of South Carolina, 1962, opens new street or closes, widens, or otherwise alters streets within the limit of such City, it is liable for the property damaged thereby and such liability extends to abutting landowners damaged from a change in grade of streets. *Stone v. City of Greenville,* 111 S. C. 78, 96 S. E. 520.

In *Moseley v. South Carolina Highway Department,* 236 S. C. 499, 115 S. E. (2d) 172, this Court held that the

Highway Department was not relieved under the Act of 1951 of liability for its acts in taking private property for public use and that the Act only sought to fix the liability between the Highway Department and Municipalities *inter sese,* the language used being: "* * * Under the terms of Section 57 of the 1951 Act, the construction and maintenance of state highways within a municipality is made a joint undertaking by such municipality and the State Highway Department. In the case of a taking under the Constitution as the result of such joint undertaking, both are liable to the landowner for compensation, but as between the municipality and the Highway Department the ultimate liability is that of the former. Upon payment of compensation, the Highway Department is entitled to reimbursement from the municipality. Of course, if property is taken solely through the acts of the municipality, it alone is liable."

For the foregoing reasons, we are of opinion that ■■ where a City authorizes and approves an improvement, construction, reconstruction or alteration by the Highway Department of a State Highway within such municipality in addition to assuming all liability which the Highway Department might otherwise have as a result of such action under Section 33-173, Code of Laws of South Carolina, 1962, the City will also be liable for such damages arising therefrom as though it had performed the work itself; that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.