20407

Jean R. RODDEY, Appellant, v. David LYLE et al., Respondents.

(234 S. E. (2d) 236)

David A. White, Esq., of *Roddey, Sumwalt & Carpenter,* Rock Hill, *for Appellant,*

C. W. F. Spencer, Jr., Esq., of *Spencer & Spencer,* Rock Hill, *for Respondents,*

April 19, 1977.

NESS, Justice:

Appellant instituted this action against the City of Rock Hill for alleged damages occasioned by the construction of a by-pass through her property. The trial court granted an order of summary judgment in favor of the City of Rock Hill. We affirm.

Appellant executed a right of way directly to the South Carolina Highway Department for the construction of the by-pass through her property which was within the corporate limits of the City. It is undisputed that the Highway Department exclusively performed all of the construction work and the City's sole basis for liability is its approval of the construction plans. Appellant asserts that the alteration of the terrain has resulted in damage to the remainder of her property and maintained this action independently against the City.

Alleged liability on the part of the City is duly premised on Section 47-1327, Code of Laws, 1962, and the case of *Willimon v. City of Greenville,* 243 S. C. 82, 132 S. E. (2d) 169 (1963). The former provides:

"The city council of any city containing more than five thousand inhabitants may lay out and open new streets in the city and close up, widen or otherwise alter streets in such city whenever, in its judgment, it may be necessary for the improvement or convenience of the city. But it shall first pay damages, should any be claimed, to any landowner through whose premises such streets may run, such damages to be fixed and determined as provided in §§ 25-161 to 25-170." Section 47-1327, Code of Laws, 1962.

As is apparent from the foregoing statute, independently it is applicable only to affirmative construction effectuated by the municipality. Exclusively, the statute does not justify municipal liability for delicts of other entities. This construction is explicitly recognized in the *Willimon* decision where other conjunctive authority provided municipal liability. The single issue before this Court is whether such authority continues to exist today.

*Willimon* also involved alleged damages due to alterations in city streets exclusively performed by the State Highway Department. The foundation of municipal liability was its approval of the construction plans. However, the issue pre-

sented in *Willimon* was not the threshold question of ultimate liability but the extent of liability:

"Appellants contended that they are not liable under Section 47-1327 as they assumed, under Section 33-173, Code of Laws of South Carolina, 1962, only such liability as the Highway Department might have had as the result of the alteration of Highway 291 and that the Highway Department is not subject to suit for such damages under Section 47-1327; and there being no liability against the Highway Department, the City could not assume something which did not exist." 243 S. C. at 86, 132 S. E. (2d) at 170.

Basic assumption of liability on the part of the City was uncontested because of the following statutory scheme which existed when *Willimon* was decided:

§ 33-172:—"All work to be performed by the Department on State highways within a municipality shall be with the consent and approval of the proper municipal authorities."

§ 33-173:—*"Assent of municipality to plans and effect thereon.*—In every case of a proposed permanent improvement, construction, reconstruction or alteration by the Department of any highway or highway facility within a municipality, the municipality may review and approve the plans thereof before the work is started, *and such approval by the municipality shall be understood to mean that the municipality thereby assumes all liability which the Department might otherwise have as a result of damage to property or persons resulting from such improvement, construction, reconstruction or alteration carried out in accordance with the plans approved by the municipality."* (Emphasis added.)

§ 33-174:—*"Departments liability for damages resulting from work in a municipality.—The performance of work within a municipality by the Department shall not result in the assumption by the Department of any liability whatever on account of damages to property, injuries to persons or death growing out of or in any way connected with such work. None of the provisions of article 6 of this chapter relating to damage claims shall apply to sections of State high-*

*ways within the corporate limits of municipalities except §
33-234."* (Emphasis added.)

§ 33-229:—"Damage claims against the State Highway
Department authorized for (a) defects in State highways
(b) the negligent repair of State highways or (c) the neg-
ligent operation of vehicles in charge of the Department."

§ 33-234:—*"Liability for damages arising within a mu-
nicipality.—Any person suffering damage to property or in-
juries or death by reason of the construction, reconstruction
or maintenance of any highway or section of highway, as pro-
vided in §§ 33-112 and 33-171, within the limits of any mu-
nicipality of the State shall have such right of action against
the municipality in which such damages, injuries or death
may be suffered as is provided by law applicable to munici-
palities, and the remedy thus afforded shall be exclusive . . ."*
(Emphasis added).[1]

By Act No. 162 of 1969 the legislature drastically re-
formed the whole statutory design for liability arising from
state highway construction within municipalities. Of the
aforementioned statutes upon which *Willimon* was predi-
cated, only one section [2] remains inviolate and all of the fore-
going emphasized language has been repealed. The liability
blueprint as a result of Act No. 162 of 1969 is now as follows:

§ 3-172:—[Unchanged]

§ 33-173:—[Language providing for municipal assump-
tion of liability by approving plans eliminated]

§ 33-174:—[Repealed]

§ 33-229:—Amended to add that no person may sue the
Department for damages resulting from "any defect in any

---

[1] See the following case law for interpretation of these statutes and
their predecessors: *Willimon v. City of Greenville, supra; Robinson v.
S. C. State Highway Dept.,* 241 S. C. 137, 127 S. E. (2d) 286 (1962 ;
*Moseley v. S. C. Highway Dept.,* 236 S. C. 499, 115 S. E. (2d 172 (1960);
*Dolan v. City of Camden,* 233 S. C. 1, 103 S. E. (2d) 328 (1958); *Hinnant
v. S. C. State Highway Dept.,* 226 S. C. 10, 83 S. E. (2d) 209 (1954);
*Bell v. S. C. State Highway Dept.,* 204 S. C. 462, 30 S. E. (2d) 65 (1944).

[2] § 33-172, Code of Laws, 1962.

highway, or the negligent repair of any highway within the corporate limits of a municipality which may have resulted from any overt act by a municipality in the improvement or maintenance by the municipality of such highway as a city street." (1975 Cum. Supp.).

§ 33-234 :—[Repealed]

Additionally § 33-113, Code of Laws (1975 Cum. Supp.), adopted in 1972, places the entire cost of the rights of way for State Highway construction in municipalities upon the State Highway Fund.

1–3   Statutory authority must exist before a municipal corporation is amenable to suit. *Hollifield v. Keller,* 238 S. C. 584, 121 S. E. (2d) 213 (1961) ; *McKenzie v. City of Florence,* 234 S. C. 428, 108 S. E. (2d) 825 (1959) ; *Collins v. City of Greenville,* 233 S. C. 506, 105 S. E. (2d) 704 (1958). Legislative sagacity is not subject to judicial scrutiny, it is not within the province of this Court to expand statutory relief by interpretation. *Hollifield v. Keller, supra.* We are also mindful that statutes enabling suits against cities must be strictly construed. *Id.*

*Willimon* was explicitly bottomed on viable legislative fiat.[3] The foundation upon which *Willimon* was built has been legislatively eroded rendering it baseless. We, therefore, hold that there no longer exists municipal liability attendant to highway construction premised solely on municipal approval of construction plans.

The remaining exceptions advanced by the appellant are without merit.

Accordingly, we affirm the order of the trial court.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

[3] Appellant's contention that *Willimon* recognized a cause of action independent of the legislative grant is without merit as it contravenes heretofore cited precedent necessitating enabling legislation to authorize suit against municipalities.