THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jay Walter
 Tate, Appellant,
 
 
 

v.

 
 
 
 State of South
 Carolina, Respondent.
 
 
 

Appeal From Cherokee County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No.  2009-UP-413
 Submitted September 1, 2009  Filed
September 2, 2009

AFFIRMED

 
 
 
 Rodney Wade Richey, of Greenville, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General S. Prentiss Counts, all of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 Jay Walter Tate appeals the circuit court's dismissal of his writ of mandamus
 that requested numerous items from a solicitor and the grand jury foreperson.   We
 affirm pursuant to Rule 220(b), SCACR, and the following authorities:  Miller v. State,
 377 S.C. 99, 101, 659 S.E.2d 492, 493 (2008) ("Mandamus is the highest
 judicial writ and is issued to compel a public official to perform a
 ministerial duty, not a discretionary duty, and only when there is a specific
 right to be enforced, a positive duty to be performed, and no other available
 legal remedy."); Charleston County Sch. Dist. v. Charleston County
 Election Comm'n, 336 S.C. 174, 179, 519 S.E.2d 567, 570 (1999) (explaining
 the decision whether to issue a writ of mandamus lies within the discretion of
 the trial court, and an appellate court will not overturn the decision unless
 the trial court has abused its discretion); Willimon v. City of Greenville,
 243 S.C. 82, 89, 132 S.E.2d 169, 170 (1963) ("When the legal right is
 doubtful . . . a writ of mandamus
 cannot rightfully issue.").

AFFIRMED.[1]
HEARN, C.J., KONDUROS and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.